Statement of Facts.

A. H. HOFFEDITZ v. SOUTH. PENN. R. & M. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON
PLEAS OF FRANKLIN COUNTY.

Argued June 4, 1889—Decided June 28, 1889.

Where the owners of land, for a valuable consideration, released a rail-
road company from all suits, claims, demands and damages by reason
of its entry, and the location and construction thereon of its railroad and
works connected therewith, such release is a bar to an action by a sub-
sequent lessee of said owners, brought to recover damages for injuries
caused by an insufficient culvert constructed prior to the execution of the
release.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 11 May Term 1889, Sup. Ct.; court below, number and
term not given.

On October 17, 1883, Adam Hoke Hoffeditz brought case
against the Southern Pennsylvania Railway & Mining Com-
pany, to recover damages for injuries to lands caused by an
insufficient culvert on the line of defendant company's rail-
road. The defendant pleaded not guilty, and specially a re-
lease hereinafter set forth.

At the trial on October 13, 1886, the plaintiff proved that
the defendant's railroad passed in two branches through a farm
occupied by him under a lease from the owner thereof, Louisa
Hoffeditz; that both branches were built on embankments;
that on one of the branches upon plaintiff's farm there was a
culvert, which was insufficient to allow the water accumulating
to escape through it, whereby it was dammed back upon plaint-
iff's fields injuring his crops; that before the building of the
road there was a run or ditch at this point which was the nat-
ural outlet for the water collecting upon the farm.

The defendant put in evidence a release executed in Janu-
ary, 1871, by the then owners of the land, including the plaint-
iff, which after several recitals proceeded :

" Now, know all men by these presents, That we, the said

Louisa Hoffeditz, John Calvin Hoffeditz, Susan Julia Hoffeditz, Adam Hoke Hoffeditz, Charles Theodore Hoffeditz and Albert Augustus Rauch Hoffeditz, as well for and in consideration of the advantages to be derived by us by reason of the location and building of said railroad, as of the sum of one thousand dollars unto us in hand paid by the said the Southern Pennsylvania Iron & Railroad Company, and the further agreement on the part of said company to build and construct a switch and siding on said land at a point most convenient for the uses and purposes of said company, at and before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, have remised, released, quit-claimed and forever discharged, and by these presents do remise, release, quit-claim, and forever discharge the said the Southern Pennsylvania Iron & Railroad Company, their successors and assigns, of and from all suits, claims, demands, and damages whatever, for, upon, or by reason of their entry upon and taking and occupying the above described narrow pieces or strips of land, and the location and construction thereon of the said railroad and works connected therewith."

It was then shown that the defendant company had become the owner of all the property, rights and franchises of the Southern Pennsylvania Iron & Railroad Company, and that the lease of the farm in question to the plaintiff was subsequent in date to the foregoing release. The plaintiff made the following admission:

" For the purpose of reserving a point, the fact that the culvert and embankments on the plaintiff's land, as now maintained, were constructed and completed before the date of the execution and delivery of the release offered in evidence is admitted."

The defendant requested the court to charge the jury:

6. If the railroad with the culvert and embankments as now maintained was constructed upon and over the plaintiff's land at the time of the execution and delivery of the release of damages, executed by Mrs. Louisa Hoffeditz and others, including the plaintiff, dated January, 1871, and offered in evidence, the said release is a bar to the plaintiff's right of action and the verdict must be for the defendant.

The court, ROWE, P. J., reserved the question raised by the foregoing point, and the cause being submitted to the jury a verdict was rendered for the plaintiff for $1. Subsequently, the question reserved having been argued, the court, ROWE, P. J., filed an opinion, which after stating the question proceeded:

The question has been argued. The lease to the plaintiff was subsequent to the release of the company. Mr. Stewart contends that the release is a bar to the plaintiff's action, because the embankment was raised and graded and the culvert finished before the release was executed; what the railroad company proposed to do in respect of the carrying off the water brought down by the drain, was to be seen by all; the plaintiff's lessor had better means of knowing whether the culvert would prove sufficient than the company's engineers, she having experience of the rains in that region and the volume of water sent down by the water shed and collected thereat; and non constat that the consideration she received for the release was not based in part on the probable damage to land and crops in the V by reason of the damming back of the water. He cites McCaty v. St. Paul, M. & M. Ry. Co., 14 Am. & Eng. R. Cas. 297.

Mr. Brewer contends that the release had no reference to the culvert or its capacity, Mrs. Hoffeditz having a right to suppose that the railroad company had constructed a culvert of sufficient width and capacity to vent all the water seeking through it a way to the creek; that she released all damages by reason of entry on land and location and construction of the road and works connected therewith, but not damages to arise from the unskilful construction of the road and works by the company, from negligence or want of ordinary engineering knowledge and skill; in other words, that the company having put in a culvert and being in duty bound to put in a sufficient one, must be held to have undertaken for that, in dealing with one unskilled and ignorant in such matters. He cites the Pittsburgh etc. Ry. Co. v. Gilleland, 56 Pa. 445.

I hold with the defendant, thinking his contention founded on the better reason, and best supported by authority. Therefore, let judgment be entered for the defendant non obstante veredicto.

Judgment having been entered for the defendant, the plaintiff took this appeal, assigning as error the entry of judgment on the reserved question in favor of the defendant, non obstante veredicto.

*Mr. W. U. Brewer* (with him *Mr. O. C. Bowers*), for the appellant.

*Mr. W. Rush Gillan* and *Messrs. Rowe & Stewart*, for the appellee.

PER CURIAM:

It was not error to enter judgment for the defendant non obstante veredicto upon the reserved point. The release was broad in its terms. After reciting the consideration, $1,000, and certain acts to be performed by the defendant company, it "remised, released, quit-claimed and forever discharged the Southern Pennsylvania Iron & Railroad Company, their successors and assigns, of and from all suits, claims, demands and damages whatever, for, upon, or by reason of their entry upon and taking and occupying the above described narrow pieces or strips of land and the location and construction thereon of the said railroad and works connected therewith." In connection with this release, there was the fact, admitted upon the trial, and incorporated into the point reserved, "that the culvert and embankment on the plaintiff's land, as now maintained, was constructed and completed before the date and delivery of the release offered in evidence." In the face of these facts we are unable to see any ground upon which the plaintiff could rest his claim for damages. There must be some color of right to sustain a suit even against a railroad company. There is none in this case.

Judgment affirmed.