Kemp *v.* Pennsylvania R. R., Appellant.

[Marked to be reported.]

*Railroads—Obstruction of private way—Release.*

Where the easement of a private way is imposed by the owner of one portion of his real estate for the benefit of another portion, a railroad company which purchases the land upon which the private way is situated, takes the property subject to the easement.

The rule, however, does not apply where the owner of the land has granted to the railroad company the right to enter upon the land and locate a railroad thereon, and has agreed to execute and deliver a deed in fee simple for the premises clear of all incumbrances, and also a release of all damages arising from the construction and the operation of the railroad.

*Release of damages—Right of way.*

An agreement between a landowner and a railroad company to sell the

latter a right of way across the premises of the former, covers all damages of whatever sort suffered by the landowner for which he is legally entitled to compensation.

A landowner conveyed a strip of land two hundred and ten feet in width to a railroad company, and released the company from all claims or damages which might accrue by reason of the construction, maintaining and operating the railroad on and over the land. At the time of the conveyance there was on the strip a private way connecting one part of the owner's land with another. Where the lane crossed the tracks there was a plank crossing between the rails. Subsequently the railroad company laid twenty-four tracks on the strip, practically converting it into a yard. No plank crossing was laid between any of the rails, and the lane was seriously obstructed. *Held,* that the release of damages covered the injury done by the obstruction of the way.

Argued May 29, 1893. Appeal, No. 6, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 531, on verdict for plaintiff, Agnes Kemp. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for obstructing private way. Before SIMONTON, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff's points were as follows:

" 1. If the jury find that the way of the plaintiff was permanent and necessary for the convenient use of her property, her right to use it was not destroyed by the conveyance to defendant of April 4, 1893, without special reservation of such right." Affirmed. [1]

" 2. The fact that the land purchased by the defendant from the plaintiff was used by the former for purposes permitted by its charter does not relieve the defendant from liability for the damage sustained by the plaintiff by reason of the obstruction of her way." Affirmed. [2]

Defendant's points were as follows:

" 1. The plaintiff having, by her agreement and release to the defendant, dated December 12, 1882, and her deed to the defendant in pursuance thereof, dated April 4, 1883, conveyed all her title, rights and interest in the three and one hundred and forty-five one-thousandths acres, including the road thereon, for railroad purposes, and released the defendant from all claims and demands for damages which may accrue by reason

of the taking and using of the said land for said railroad, or by reason of the construction, maintaining and operating of said railroad on and over said tract or parcel of land, and without any limitation, she has no standing to complain of the obstruction shown, and the verdict should be for the defendant." Refused. [3]

" 2. Said agreement, release and deed are an estoppel in law, and the plaintiff has no right to recover in this action." Refused. [4]

" 3. As the defendant's charter, in evidence, prescribes the mode in which the amount of compensation to which the owner of private property may be entitled, when the same is taken under the right of eminent domain, applies to a private right of way, the only remedy of the owner of such private way which has been obstructed by the construction of the railroad is to proceed under and in the manner prescribed by the statutes to obtain compensation, and not in an action for damages." Refused. [5]

" 4. The legal remedy for obstruction of a right of way by a railroad track put down under authority of its charter, is not by any action denying the right of the company to take and appropriate the land, but by application for the assessment of damages in the manner provided in the charter of the company. *Answer :* Refused so far as it applies in this case." [6]

" 5. The defendant having purchased from the plaintiff for railroad purposes the land over which the private road is claimed, and having used the land so purchased for railroad purposes, under authority conferred by its charter, cannot be held responsible in damages for such lawful use of its corporate powers. *Answer :* To what we say, it cannot be held responsible for doing what it has a legal right to do." [7]

" 6. The defendant by agreement and deed in evidence acquired title to the strip of land 211 feet in width, and if the private right of way claimed had any existence prior thereto, it was destroyed by such unity of title. *Answer :* That is refused, and instead of that we say to you, that if this was an open, notorious, visible road at the time this conveyance was made, and was necessary for the proper use and management of the tract belonging to the plaintiff, then her right to it continued after the conveyance, and if it was obstructed she is en-

titled to recover such damage as she has suffered by that obstruction." [8]

" 7. On the whole case the verdict should be for the defendant." Refused. [9]

Verdict and judgment for plaintiff for $2,700. Defendant appealed.

*Errors assigned* were, (1–9) instructions, quoting them.

*L. W. Hall*, of *Hall & Jordan*, for appellant.—Corporations clothed with the right of eminent domain may enter upon land, either upon giving security for the payment of the damages when ascertained, and thus acquiring title without the consent of the owner, by virtue of the statute, or, in pursuance of a contract with the owner, in which case their title rests on that contract; or they may enter without complying with the law, or making a contract with the owner, in which case they acquire no title, but are simple trespassers, and liable to an action of trespass, or ejectment: Oliver v. Ry., 131 Pa. 408; Ross v. R. R., 46 A. & E. R. R. Cas. 34; R. R. v. Speer, 56 Pa. 325.

The remedy for obstructing a right of way (in this case a private way) by a railroad track, under its charter, is not by action denying the right of entry to take the land, but by application for the assessment of damages : R. R. v. Williams, 54 Pa. 103; C. V. R. R. v. McLanahan, 59 Pa. 23; McKinney v. Mon. Nav. Co., 14 Pa. 65; Koch v. Williamsport Water Co., 65 Pa. 288 ; Phillips v. St. Clair Incline Plane Co., 153 Pa. 230.

The two papers, embracing the same subject-matter, and the former expressly referring to the latter, are to be construed as one contract: Ry. v. Swank, 105 Pa. 555; McGowan v. Bailey, 146 Pa. 572.

A road and way are but different names for the same thing ; and here the only road or way upon or appurtenant to the lands conveyed was the private one alleged to have been obstructed. By right of way is generally meant a private way: Anderson's Dictionary of Law, 1108.

A grant without restriction is understood to be general for all purposes: Rowell v. Doggett, 143 Mass. 487 ; Auman v. Auman, 21 Pa. 343 ; Seitz v. Brewers' Refrigerator Co., 141

U. S. 510; Richards v. R. R., 26 N. E. Rep. 418; Robb v. Hannah's Ex'rs, 14 S. W. R. 360; Mills, Em. Dom. § 211.

The estate acquired by a railroad company in condemnation proceedings is more than a mere easement or right of way; it is a right to exclusive possession; to fence in; to build over the whole; to raise and maintain any appropriate superstructure, including necessary foundations, and to deal with it within the limits of railroad uses, as absolutely and uncontrolled as any owner in fee: Ry. v. Peet, 152 Pa. 488.

If the company had fenced in the lands purchased, of course it would have obstructed and destroyed the road; and if it could do this without any express authority (as held in the case last cited) much more could it obstruct the road by putting down tracks upon the land purchased, when this was the purpose for which the purchase was made, as expressed in the conveyance to the company: Reading City v. Davis, 153 Pa. 360; Burr v. Mills, 21 Wendell, 292; King v. McCully, 38 Pa. 76; Haberman v. Baker, 28 N. E. R. 370; Bigelow on Equity, 307; Van Meter v. Hankinson, 6 Whart. 307; 3 Kent, 433.

A grant of the right of way for a railroad includes all that the company may lawfully and adversely take for use as a way; and, therefore, an agreement by a landowner to sell the right of way over his premises for a fixed sum covers all damages of whatsoever nature suffered by the landowner, unless the right to recover extra compensation is expressly reserved: Ry. v. Swank, 105 Pa. 555; Logan v. Caffrey, 30 Pa. 196; Hoffeditz v. Ry., 129 Pa. 264; Updegrove v. R. R., 132 Pa. 540; Currier v. Bilger, 1 Adv. R. 664 [149 Pa. 109].

The covenants in an agreement for the sale of land are not merged in or superseded by any deed of conveyance which is afterwards delivered by the vendor in pursuance of his contract, where the deed contains no covenants which take the place of or supply the omitted clauses of the article: McGowan v. Bailey, 1 Adv. R. 246 [146 Pa. 572]; Close v. Zell, 141 Pa. 390.

No action will lie for the proper exercise of a franchise, even though actual injury result therefrom: Keiser v. Mahanoy City Gas Co., 143 Pa. 276; Jutte v. Keystone Bridge Co., 146 Pa. 400; R. R. v. Speer, 56 Pa. 326; R. R. v. Lippincott, 116 Pa. 472.

*Wm. B. Lamberton*, for appellee.—The legal remedy for disturbance of a right of way is an action of trespass on the case: Jones v. Park, 10 Phila. 165; Dietrich v. Berk, 24 Pa. 470; T. & H. Pr. § 1553; P. R. R. Co. v. Jones, 50 Pa. 417; Keller v. Stoltz, 71 Pa. 356; Devlin v. Snellenburg, 132 Pa. 186; McIntire v. Coal Co., 118 Pa. 108; Schnable v. Koehler, 28 Pa. 181; Patent v. P. & R. R. R., 14 W. N. 545; Pittsburgh Junc. R. R. v. McCutcheon, 18 W. N. 527; Oliver v. Ry., 131 Pa. 408; White v. McKeesport Borough, 101 Pa. 394; Dimmick v. Brodhead, 75 Pa. 464; Kiel v. Chartiers Gas Co., 131 Pa. 466.

The owner of an estate may alter the quality of the several parts of his heritage, and, if palpable and manifest, the several parts of the estate will go to the alienee in the condition in which they were placed and with the qualities attached to them by the owner: Kieffer v. Imhoff, 26 Pa. 438; Phillips v. Phillips, 48 Pa. 178; Cannon v. Boyd, 73 Pa. 179; Zell's Exrs. v. Universalist Society, 119 Pa. 390; Overdeer's Admr. v. Updegraff, 69 Pa. 110; Seibert v. Levan, 8 Pa. 383; Suffield v. Brown, 4 De G. J. & S. 185; Grace Church v. Dobbins, 153 Pa. 294; Geible v. Smith, 146 Pa. 276; Pierce v. Cleland, 133 Pa. 189.

The ruling in Burr v. Mills, 21 Wend. 292, was expressly disapproved in Seibert v. Levan, 8 Pa. 383. King v. McCully, 38 Pa. 76, involved the right to use a way reserved in a deed executed subsequently to a mortgage under which the land was sold. Haberman v. Baker, 28 N. E. R. 370, regarded merely a question of boundary,—it had nothing to do with an easement or servitude. Van Meter v. Hankinson, 6 Whart. 307, states the law exactly as counsel for the appellee understands it to be, viz.: that a grant of a track of land " together with all and singular the improvement, ways, water courses, rights, liberties, privileges, hereditaments, and appurtenances, whatsoever thereunto belonging," carries with it the right to use a way appurtenant to the land.

The articles of agreement were not required to explain any ambiguity in the deed, and as the two papers were separate and distinct, they cannot be construed to constitute one transaction : Hennershotz v. Gallagher, 23 W. N. 280; Bailey v. Snyder, 13 S. & R. 160; Farmers and Mechanics' Bank v. Galbraith, 10 Pa. 490; Rodgers v. Olshoffsky, 110 Pa. 147.

In construing this paper, the court will take into consideration the circumstances under which it was made as evidencing the intention of the parties : Cox v. Freedley, 33 Pa. 124.

The release was moreover, by its terms, limited to damages accruing by the taking and using of the land conveyed, and therefore did not extend to the construction over land or her own right of way. It did not contemplate the construction of a "yard," but merely the ordinary use of tracks for running trains. The distinction has been recognized by this court : Pittsburgh Junction R. R. Co.'s Ap., 122 Pa. 511; Sharon Ry. Co.'s Ap., 122 Pa. 533; Pittsburgh Junction R. R. v. R. R., 146 Pa. 297.

OPINION BY MR. JUSTICE GREEN, July 19, 1893 :

This is an action of trespass brought to recover damages for the obstruction of a private right of way over land formerly owned by the plaintiff, but which had been conveyed to the defendant company by the plaintiff several years before the alleged obstruction. The land over which the way was claimed consisted of a strip 695 feet in length and 210 feet in width, and contained about three and one fifth acres. Across the western end of the strip a lane, or way, extended and had been long in use, connecting the part of the farm lying to the east of the defendant's railroad with the portion lying to the west of it, and this way was constantly used by the owners and tenants of this and the adjoining farms. The whole width of the way was twenty feet, one half of which was on the land of the plaintiff, and the other half on the land of the adjoining owner. The main line of the railroad was built many years before, when the land belonged to a prior owner, and two tracks were laid, and were in use during that time, both of which crossed the way in question. The damages for the original occupancy of the former owner's land and way had been adjusted with him. There was a planked crossing between the rails where the lane crossed the track, which had been maintained by the defendant, and the use of the lane continued until and after the time when the plaintiff sold to the defendant the land now in question. On the 12th of December, 1882, the plaintiff executed and delivered to the defendant a paper, which contained the grant of a privilege to survey and construct on the strip of land in ques-

tion a railroad through and upon the land on such route as the defendant might adopt, an agreement to sell and convey in fee simple to the defendant the whole of the strip of land in question, and also a covenant to release to the defendant all claims and demands for damages by reason of the taking and using of the land for the railroad, and its construction and operation. The consideration for the whole was to be five hundred dollars per acre. On April 4, 1883, the deed for the land was executed and delivered to the defendant, and the consideration money, $1,597, was paid by the defendant to the plaintiff. Between 1883 and 1888 the defendant increased the number of its tracks to eight, all of which crossed the lane, and the planked crossing was extended so as to embrace all the tracks, and the plaintiff, by herself and her tenants, continued to use the lane as before. In the year 1888 the defendant increased the number of its tracks to twenty-two, and practically converted the land into a yard. They took up the plank crossing over the eight tracks and placed none upon the other tracks, so that the plaintiff could only go through the lane by driving over the rails as they were laid, without any planks or other material being filled in between the rails. This, of course, constituted a serious obstruction to the use of the lane, and to recover damages for this obstruction the present action of trespass was brought. The chief question in the case is, can such damages be recovered? The learned court below instructed the jury, upon the authority of Railroad v. Jones, 50 Pa. 417, that a recovery could be had, and that the measure of damages would be the difference in the value of the whole farm before and after the obstruction. If there were no other instrument but the deed to be considered, there would be great, and possibly controlling, force in the plaintiff's contention, and in the ruling of the court below as to the right of recovery. For the way was visible, notorious and continuous, and was no doubt established over this part of the plaintiff's farm for the benefit of the other parts. In such circumstances the rule prevails ordinarily that, " where a continuous and apparent easement or servitude is imposed by the owner on one portion of his real estate for the benefit of another, the law is well settled that a purchaser at private or judicial sale, in the absence of an express reservation or agreement on the subject, takes the property subject to

the easement or servitude:" Cannon v. Boyd, 73 Pa. 179; Phillips v. Phillips, 48 Pa. 178; Zell's Exrs. v. Universalist Society, 119 Pa. 390; Grace Church v. Dobbins, 153 Pa. 294, and many other cases.

But the difficulty in the present case arises upon the original contract of December 12, 1882. As already stated, that instrument contains a grant of the privilege to enter on the land, and survey and locate a railroad thereon, also an agreement to execute and deliver a deed in fee simple for the premises clear of all incumbrances, and lastly a release of all damages arising from the construction and the operation of the railroad. The operative words of the instrument upon these subjects are as follows: As to the grant of the privilege, " Do for myself, my heirs, etc., . . . grant to the said company their successors and assigns the privilege of surveying, locating, constructing and using, by themselves, their engineers, etc., . . . a railroad upon such line or route therefor as may be adopted by said company, through, over and upon a certain tract or parcel of land belonging to me situate " etc. As to the deed: " And I do also for myself, my heirs, executors, administrators, and assigns hereby covenant and agree to execute and deliver to the said The Pennsylvania Railroad Company, their successors and assigns, a proper deed of conveyance in fee simple, clear of all incumbrances, and by good and satisfactory recorded title for the strip or piece of ground upon which said railroad shall be located " etc. As to the release: " And further to release the said company, their successors and assigns, from all claims and demands for damages which may accrue to me, my heirs, executors, administrators, or assigns, by reason of the taking and using of said land for said railroad, or by reason of the construction, maintaining and operating said railroad on and over said tract or parcel of land."

This paper is an independent contract which embraces as one of its provisions the making and delivery of a deed for the land, and of course was not merged in the deed subsequently delivered: McGowan v. Bailey, 146 Pa. 572; Close v. Zell, 141 Pa. 390.

All the provisions of the contract must have their proper legal effect. What then is the legal meaning of the clause releasing the damages resulting from the laying of the railroad tracks

on the land. It is a matter of course that the plaintiff knew perfectly well that the land was to be occupied for the purpose of laying railroad tracks upon it. The first clause is the express grant of the privilege to survey, locate and construct a railroad upon the land upon any route that the company might choose, without any limitation as to the number of tracks that might be put down, and without the slightest provision for the preservation of the right of way of the plaintiff over the ground or the tracks. The second clause provides for the absolute grant of the fee simple estate of the grantor, "clear of all incumbrances," and the third clause is a complete release "from all claims and demands for damages which may accrue to me (plaintiff) my heirs, executors, administrators and assigns by reason of the taking and using of the said land for said railroad, or by reason of the construction, maintaining and operating said railroad on and over said tract or parcel of land."

That is, if any damages should accrue to the plaintiff "by reason of the taking and using of the said land for said railroad," such damages were thereby released. This of course means the whole of the land, not a part of it, not the part outside of the way, but the whole of the land, because no restriction as to any part of the land is expressed. So also if any damages accrued to the plaintiff "by reason of the construction, maintaining and operating said railroad on and over said tract or parcel of land," such damages also are released by this provision of the contract. The whole tract is expressly covered by these words. The contract does not limit their operation to that part of the tract which was not covered by the way or road. It says nothing upon that subject, but uses words which unquestionably embrace the land covered by the way just as clearly and just as fully as any other part of the land. This being so, we have no warrant for saying judicially that the land covered by the way is not included. How can we do so ? Not by force of any words contained in the contract, because they are precisely the other way ; they expressly embrace the whole of the land, they have no limitation of any kind. Not by force of any implication from the words used, because such implication would be in direct hostility to the words used, and could not be in harmony with them, in any point of view. And the release is from " *all* claims and demands for

damages which may accrue " either for the taking and using of
the land for the railroad, or for the construction and operation
of the railroad " on and over the said tract or parcel of land.".
*All* claims for damages, not some claims, but all.   If the rail-
road, when laid, obstructed that part of the land over which
the plaintiff's right of way extended, that would be a damage,
and, therefore, any claim for such damage would be released by
the positive terms of the contract.   Indeed, it is the only dam-
age that could be suffered by the plaintiff, because, as to all the
rest of the land sold, the right to damages passed with the title
to the fee.   The land was not condemned but was purchased
outright for a full price.   In North and West Branch Railway
Co. v. Swank, 105 Pa. 555, we said: " An agreement between
a landowner and a railroad company to sell the latter a right of
way across the premises of the former covers all damages of
whatever sort suffered by the landowner for which he is legally
entitled to compensation."   Hence it follows that, in any event,
there could be no recovery for damages on account of the rail-
road for any other part of the land except that covered by the
way, and, by consequence, to give the release any practical
operation, it would necessarily include damages for the obstruc-
tion of the way.   But, however that may be, so far as the im-
plications are concerned, the generality of the language used
clearly embraces damages for the obstruction of the way, as
that is a species of damage resulting from the construction and
operation of the railroad on the land in question.

It was thought by the learned court below that the case of
R. R. Co. v. Jones, 50 Pa. 417, rules this case and the jury was
so instructed.   But an examination of that case shows that no
such question arose there, as is presented on this record.   There
was an old established road on the premises, leading to a saw-
mill, and it was plainly visible and in constant use.   The simple
question was whether when the company purchased a part of
the property over which this road passed, they took it subject
to the owner's right to continue to use the road, and it was held
that they did so take it.   There was no release of damages re-
sulting from the location and use of the railroad as in this case,
and no question as to the effect of such a release arose, or was
considered, or decided.   Moreover, there was an express reser-
vation of the road out of the grant, and while the road did not

exist by force of this reservation, the fact of the reservation was distinct notice to, and an agreement by, the purchaser that the road was not to be interfered with. It is needless to add that there was no reservation of that or any other kind in this case, but, on the other hand, there was a clear, distinct, and unqualified release of all damages that might accrue to the plaintiff by reason of the taking and using the land for a railroad, and also by reason of constructing and operating a railroad thereon. How the plaintiff can be permitted, after having thus distinctly sold and conveyed her right to all damages that might result from the railroad, without any limitation as to their kind or character, to bring an action for, and recover, the only damages that could result from the location, construction, and use of a railroad on and over the land in question, we cannot see. It seems to us such ruling would be a clear denial of a solemnly acquired contract right of the purchaser for which the full consideration stipulated by the parties has been actually paid. The learned counsel for the appellee has not shown us any case in which such a right was held to remain after such a release. This feature is not found in any of the cases cited. On the contrary, this court has passed upon the effect of a release of damages in at least two cases which appear to be in harmony with the contention of the defendant in the present case. Thus in Hoffeditz v. South Penn. R. & M. Co., 129 Pa. 264, we held that where the owners of land, for a valuable consideration, released the company from all suits, claims, demands and damages by reason of its entry and the location and construction of its railroad and works connected therewith, such release is a bar to an action by a subsequent lessee of said owners, brought to recover damages for injuries caused by an inefficient culvert constructed prior to the execution of the release. The company acquired a right of way over the plaintiff's land for their road, and a release was executed by the owners to the defendant " of and from all suits, claims, demands and damages whatever, for, upon, or by reason of their entry upon and taking and occupying the above described narrow pieces or strips of land and the location and construction thereon of the said railroad and works connected therewith." The damages claimed were for the backing of water upon the plaintiff's land, in consequence of an insufficient culvert, constructed by the railroad company to carry

off the water under the embankment upon which the track was laid. The release was for all damages occasioned by the location, construction and use of the railroad, just as in the present case. The damage suffered was not from the railroad or the use of it, but from the backing of water upon the plaintiff's land, because the defendant company had built a culvert which was insufficient to carry off the natural waterfall. Yet we held that, because the release was in general terms for all damages occurring by reason of the road, this kind of damage was included in its operation. Certainly that kind of injury and damage is more remote than obstruction caused by the mere laying of the rails. Some stress was laid upon the fact that the culvert and embankment were already built before the release was executed, but it was not the controlling feature of the case. The decision was based upon the generality of the language of the release, which included all damages resulting from the taking of the land and the construction and use of a railroad upon it. But if any consequence were to be attached to the prior existence of the culvert, in that case, it would be of no service to the plaintiff in this. For at the time her release was executed her way or road was already upon the land, and she knew that under the grant, deed and release, provided for by the original contract, the company could enter upon and occupy any part of the land, with their tracks, and if she meant that they should be excluded from the way, she should have so required at that time. Or if she meant that she should have damages for any subsequent obstruction of the way by the tracks, she should have reserved such a right, instead of granting away all her right to have damages without the least limitation. The damages from the obstruction of the tracks in this case are much more direct and more closely resulting from the construction of the road than they were in the case of Hoffeditz v. Railway Co., above cited. Yet we held them fully released.

In the case of Updegrove v. Railroad Co., 132 Pa. 540, the release of damages was in almost the very words of the release in the present case. There was but a slight verbal difference in an unimportant connection. This also was a case where the damage inflicted was the flooding of the plaintiff's land with water, collected in a ditch and transmitted through a culvert under the defendant's road to and upon the plaintiff's land. In

this case the ditch and the culvert were not constructed until after the release, but the court below instructed the jury that the plaintiff must be considered to have understood that the entire construction of the road was committed to the discretion of the company, and that he must abide by all the consequences of the exercise of that discretion. And although it was earnestly contended on behalf of the plaintiff that damages by the flooding of the plaintiff's land could not be held to be covered by a release of damages for the construction of the road, the court below held that all damages were released, including those for the subsequent flooding of the land. On appeal to this court this view was sustained. We said: " The defendant company obtained from the plaintiff a release for the right of way of eighty feet in width across said farm. The agreement further released the said company from all claims for damages by reason of the taking and using of the land for said railroad, or by reason of the construction and maintenance of the said railroad on and over said tract of land. The plaintiff contended that about six acres of his land was repeatedly overflowed and rendered unfit for cultivation by reason of the construction of a ditch and culvert by the railroad company, which he alleged threw water upon his land, which would not otherwise have flowed there. The learned judge below instructed the jury that these ditches and this culvert, and this discharge of water are the result, the necessary result, of the construction of that road. We see no error in this. It is in direct line with the rulings of this court in the cases above cited. A release of the right of way to a railroad company would be a vain thing, if the company is to be subsequently subjected to litigation for every injury or damage resulting to the property by reason of the construction of the road. All these matters are supposed to be in the contemplation of the parties when the company pays its money for the right of way, and obtains a release therefor."

How much more directly and forcibly does this reasoning apply to the case at bar where the obstruction to the plaintiff's way was the natural, direct and necessary consequence of the construction of the defendant's road. The learned counsel for the plaintiff very properly and candidly concedes that the company had the right to lay as many tracks as they pleased across

the land purchased and that it was immaterial "whether Mrs. Kemp knew that tracks were to be constructed or not. She must have contemplated the additional difficulty of crossing them, which, according to the testimony of her own witnesses, would have been relatively slight. Against a claim based on such inconvenience or for injuries to her remaining property, caused by the construction of the tracks, her release would be conclusive. But the complaint is that, owing to the manner in which the tracks have been laid, and owing to the fact that they are blocked with cars, and owing to the fact that the planked crossing has been taken up, she cannot get over the tracks at all." We regard the foregoing as a practical concession of the whole subject of the controversy. It does the plaintiff no harm because it was a necessary concession to the undoubted facts of the case, and the manifest legal consequences arising therefrom. But the response that the plaintiff cannot get over the tracks at all in consequence of the manner in which the tracks are laid, and therefore she can recover, is entirely untenable. There is no proof that they are laid in any other than the ordinary manner, and if being laid in that way they interfere with the plaintiff's right of passage, that was a consequence which she was bound to contemplate, and which she must be held to have actually contemplated when she executed her release. The company was not bound to preserve to her an unobstructed right of passage over their tracks, as against her release, and if she wished to have such a right it was her duty to have stipulated for it when she gave the release.

We are very clear that she cannot claim to recover damages for such an obstruction against the positive terms of her release of all damages, and we therefore think the learned court below erred in their answers to the defendant's first, second and seventh points, and should have given a binding instruction to the jury to return a verdict for the defendant.

Judgment reversed.