## Flaherty, Appellant, v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.

*Railroads—Eminent domain—Waters—Damages—Release.*

Where a railroad company acquires the right to construct its line at the natural grade of the surface, or above or below the same, it has the right to interfere with the natural flow of water resulting from rains or melting snow, and for any injury from the exercise of this right, as the necessary consequence of the construction and maintenance of the road, a landowner cannot recover in the absence of anything to show that the railroad company has been guilty of some unlawful act or of negligence in the construction and maintenance of its line; and particularly is this the case where, the predecessors in title to the land affected have given a general release.

Argued April 14, 1916. Appeal, No. 59, April T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 287, for defendant n. o. v. in case of Bridget Flaherty v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to land, alleged to have been caused by the improper diversion of water.

At the trial it appears that the plaintiff is the owner of Lot No. 41 in the plan of Edward McGinniss, located in the Twentieth Ward of the City of Pittsburgh, fronting thirty feet on Glen Mawr avenue. The predecessor of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, namely, the Western Transportation Company, purchased from Edward McGinniss in 1866 three and 59/100 (3.59) acres of land, the deed containing the following clause: "The party of the first part releases unto the said Western Transportation Company, their successors and assigns, the right of way for their

FLAHERTY, Appellant, v. PGH., C. C. & ST. L. RY. CO. 623

622, (1916).] Assignment of Error—Opinion of the Court.

railroad tracks through, over and upon my certain tract of land." Other facts appear by the opinion of the Superior Court.

The jury returned a verdict for plaintiff for $475. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*A. B. Smith,* with him *L. K. and S. G. Porter,* for appellant: Comstock v. Clearfield, Etc., R. R. Co., 169 Pa. 582; McMinn v. Pittsburgh, Etc., R. R. Co., 147 Pa. 5.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellee, cited: Hoffeditz v. South Penn R. & M. Co., 129 Pa. 264; Updegrove v. Penna. Schuylkill Valley R. R. Co., 132 Pa. 540; White v. Philadelphia & Reading Ry. Co., 46 Pa. Superior Ct. 372; Kemp v. P. R. R. Co., 156 Pa. 430; Davis v. Wheeling, Etc., R. R. Co., 26 Pa. Superior Ct. 364; Reilly v. Stephenson, 222 Pa. 252.

OPINION BY KEPHART, J., July 18, 1916:

Where a railroad company acquires the right to construct its line at the natural grade of the surface, or above, or below the same, it has the right to interfere with the natural flow of water resulting from rains or melting snow, and for any injury from the exercise of this right, as the necessary consequence of the construction and maintenance of the road, a landowner cannot recover in the absence of anything to show that the railroad company has been guilty of some unlawful act or of negligence in the construction and maintenance of its line: White v. Philadelphia & Reading Ry. Co., 46 Pa. Superior Ct. 372. And particularly is this the law where, as in this case, the predecessors in title to the land affected have given a general release: Hoffeditz v. South Penn R. & M. Co., 129 Pa. 264; Updegrove v. Penna. Schuylkill Val. Railway Co., 132 Pa. 540. The defend-

ant elevated the bed of its road and filled in a triangular piece of ground, thereby causing the surface water, which had heretofore passed along its right of way, to become diverted and flow down Glen Mawr avenue, thence by a sewer into a small stream.  The plaintiff's statement charged that the sewer drop and the sewer were so carelessly and negligently constructed, and maintained, that "it does not take care of and carry away the water diverted by the defendant company onto Glen Mawr avenue, by reason whereof the water overflowed" and continues to flood her property.

The burden was upon the plaintiff to prove that the defendant had been guilty of some unlawful act or of negligence in the construction and maintenance of its line.  The defendant, as the owner of this property, had the right to the natural, proper and profitable use of its own land, and if in the course of such use without negligence unavoidable loss is brought upon its neighbor, it is damnum absque injuria: Strauss v. Allentown, 215 Pa. 96.  Upon this principle it was held that the owner of a city lot might so construct his dwelling house as to cause the flow of surface water onto his neighbor's property, without being liable for damages: Reilly v. Stephenson, 222 Pa. 252.  There is no evidence that the sewer or fill was negligently constructed or maintained, nor is there any evidence that the defendant did construct and maintain, or that it was the agreement of the defendant to construct and maintain, the sewer which carried this surface water away.  Even if the defendant had constructed it properly, if it had been allowed to become clogged and filled up with sand and mud, the duty was on the municipality to see that it was kept free from obstructions, unless by agreement that responsibility rested with the defendant; but the evidence failed to show any of the essential elements on which defendant's liability would rest.  The principles of law which govern this case are well settled and frequently applied.

The assignments of error are overruled and the judgment of the court below is affirmed.