## Gibson's Estate.

Argued March 27, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. W. Rhodes,* for appellants.

*Robert L. Wallace* and *Wylie McCaslin,* for appellee, were not heard.

PER CURIAM, June 30, 1933:

William E. Porter was appointed guardian of Robert George Gibson on March 16, 1923. He performed the duties of guardian until his death on August 9, 1930. The present account, as stated by his widow, executrix under his will, is excepted to by the ward, who is now of full age, as well as by the guardian appointed after the death of Judge PORTER in his stead and now trustee of the Gibson estate. The two appeals will be considered

as one. The only matter presented for our consideration at this time is the validity of investments made by the guardian in what have been designated as "divided mortgages." These constituted loans to individuals in conjunction with other investors upon separate bonds secured by a single mortgage on real estate. The practice was for the borrower to execute bonds to individuals in the amounts furnished by the different parties and at the same time to execute a mortgage on the real estate, naming the various bondholders as mortgagees. The guardian held several bonds in which the security was of this character, and upon objection by exceptants, alleging this to be an improper investment of trust funds, the auditor appointed by the court so held and surcharged accountant. The orphans' court modified the auditor's findings so far as it related to loans made on ample security, holding that the slight deviation from the language of the statute, as concerns the form of the investment, was not, under the circumstances here presented, so material as to render the guardian liable on such loans and entitle the ward to refuse to accept the securities. The present appeals are from that decree.

It is not necessary for us to consider whether the investments in question were such as to require a surcharge in the event of loss of the ward's funds. There has been no loss and no showing that loss must necessarily occur. Appellants assert there has been a shrinkage in the value of the real estate bound by several of the mortgages to which exception is taken, but this was a contingency which the guardian was not bound to foresee, and which in any event had no relation to the form of the security.

The Act of June 7, 1917, P. L. 447, as amended by the Act of 1923, P. L. 955, authorizing the investment of trust funds, is relied upon by appellants as prohibiting such an investment by a guardian. Section 41 (a) 1, provides: "......such fiduciary may invest such moneys ......in bonds of one or more individuals secured by

mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders......" The language of the act is not mandatory or exclusive; it provides that the fiduciary *"may"* invest as indicated to escape liability. "The law, however, does not forbid or make unlawful an investment in securities not of a class expressly authorized by the acts of assembly": Darlington's Est., 245 Pa. 212, 217. No question is raised of want of good faith or lack of integrity on the part of the guardian and we see no occasion for a surcharge on account of the five mortgages concerned in this appeal.

The decree of the court below is affirmed at appellants' cost.