Zbyszinsky et al. *v.* Lopopolo, Appellant.

Argued October 19, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Henry I. Koplin,* and with him *Michael A. Foley,* for appellant.

*William Cohen,* for appellees.

OPINION BY BALDRIGE, J., February 1, 1934:

This bill in equity was filed by the plaintiffs, owners in fee by entireties under a deed, dated May 23, 1931, conveying a certain lot of ground, having thereon erected a dwelling with a shed thereto attached, in the city of Philadelphia, and known as 150 Levering Street, "together with the free and uninterrupted use, right, liberty and privilege of the alley or passageway in the northeast as and for a passageway and water course in common with the owners, tenants and occupiers of the premises adjoining to the northeast at all times hereafter forever." The defendant is the owner in fee of premises adjoining on the northeast, to wit: 152 Levering Street.

The bill alleges the existence of the alley between these two properties; that in April, 1931, defendant constructed a fence which projects into and over the said alley, parallel with the plaintiffs' shed for a distance of eight feet from the rear end of the alley, thus barring entry to the rear part of plaintiffs' property. Defendant filed his answer, denying that the fence encroached on the alley, but averring that it was constructed entirely on his own property. Plaintiffs subsequently amended the bill, averring that four feet of

the land adjacent to the kitchen door leading from the brick building to the shed on their property had been used for a period of over twenty-one years by them and their predecessors in title as a means of ingress and egress to and from the kitchen to the alley between these two properties, which averments were duly denied by the defendant. There were no averments, nor were any muniments of title offered, showing the existence of the alley, other than the reference in the plaintiffs' deed, heretofore mentioned.

The learned chancellor below found the following facts, viz:

Between the two properties is an alley extending thirty-two feet back from Levering Street; that both parties have the use, right and privilege of this alley. The land beyond the point of thirty-two feet back from Levering Street, if the alley had been projected, is the property of the defendant. Each of the brick buildings had an open shed in the rear and a door leading from the kitchen into the shed. Originally there was a wooden fence on a line with the side wall of the brick dwelling and along the open shed of No. 150 Levering Street, which shed was entered by means of a gate through which persons went into or from the alley. George W. Smith, plaintiffs' predecessor in title, erected a brick wall to enclose the old shed, in place of the fence which had contained the door leading into the alley, and put a doorway in the new brick wall so that entry could be had to and from the alley. In April, 1931, the defendant erected a fence on his property so close to the brick wall of the old shed location on 150 Levering Street as to prevent the use of the alley and the door in the brick wall. The alley had been used by the occupants for upwards of thirty years.

The conclusions of law were that—

"1. The constant and continual use by the com-

plainants and their predecessors in title for thirty years and more, of the alley way as a means of ingress and egress to and from Levering Street and to and from the rear of their property, has created an easement in favor of the complainants up to and including the width of the doorway into the side brick wall of the shed.

"2. The fence and the fence-post erected by the defendant, insofar as they interfere with the ingress and egress of the complainants from the doorway into and from the alley way between the properties is in violation of the easement."

The chancellor directed the defendant to remove the fence so that the plaintiffs should have the full and unrestricted use of their easement in the alley between the two properties. No exceptions to the adjudication, findings of fact and conclusions of law were filed by the defendant, and thereafter the nisi decree became final. It is from this final decree that this appeal was taken.

Equity Rule 72 provides: "Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to, and finally passed upon by the court, shall be assignable for error." Therefore, we can not consider any of the findings of fact or conclusions of law, but must confine our consideration to the decree, which was assigned for error (Trustees of Kingston v. L. V. C. Co., 236 Pa. 350, 355, 84 A. 820), unless basic error exists (Rettew Co. v. Heller, 85 Pa. Superior Ct. 418, 420); and we find none.

The appellant alleges: (1) "The alleged easement was based upon a user that was invisible and unknown to the defendant"; (2) "Where it is sought to tack the possessions of successive occupants for the purpose of acquiring an easement by prescription, it is essential that privity, either of contract, estate or blood, shall exist between the successive occupants."

(1) Confronted as we are with the ascertained findings of fact that there was a "constant and continual use by the complainants and their predecessors in title for thirty years and more," and that improvements were constructed, manifestly arranged with respect to enjoying the privileges of the alley, we can not sustain the appellant's contention that the use of this easement was "invisible and unknown" to him. There is sufficient competent testimony to prove that there was an active, open, visible use of this easement, and that it was necessary to the enjoyment of the plaintiffs' property. That is what the chancellor, in effect, found. They are all the elements required to create an implied grant of an easement: Kieffer v. Imhoff, 26 Pa. 438; Phillips v. Phillips, 48 Pa. 178; Cannon v. Boyd, 73 Pa. 179; Kemp v. P. R. R. Co., 156 Pa. 430, 26 A. 1074; Manbeck v. Jones, 190 Pa. 171, 42 A. 536; Whiting v. Gaylord (Conn.), 34 A. 85.

(2) Nor do we think the second position taken by the appellant has merit, in view of the chancellor's findings that there was an implied easement, as a purchaser of property takes subject to a continued and apparent servitude: Manbeck v. Jones, supra.

We find no reasons for disturbing the conclusions reached by the chancellor and affirmed by the court.

Order of the lower court is affirmed at appellant's costs.