Opinion by
 

 Baldrige, J.,
 

 The appellant, Helen Ziegler, in behalf of herself and minor child, filed a bill in equity praying that a decree be entered cancelling a deed of trust executed by her naming the defendant as trustee, and that the defendant be directed to file an account.
 

 A responsive answer was filed thereto, and, after hearing, the chancellor dismissed the bill and entered a decree nisi. Sixty-six exceptions were filed, and, after consideration by the court in banc, it entered a final decree dismissing plaintiffs’ bill. This appeal followed.
 

 The facts, stated as briefly as may be, are as follows:
 

 
 *221
 
 Helen Ziegler, the appellant, was born April 14,1908, and at :seven ¡years of age en'tierjed the (Millersville Mennonite Home, hereinafter referred to as the Home. The following year she was placed in the private family of Christian M. Musselman, where she remained until 1923 when Musselman died. In his will he bequeathed $2,000 to her, which sum was paid to the Lancaster Trust Company as her guardian. The appellant next went to live with Harry Kauffman’s family, where she stayed until 1929. In the year 1926 she gave birth to a son, Eohert, a plaintiff in this action, whose father is the son of Harry Kauffman.
 

 On May 23, 1929, the Orphans’ Court of Lancaster County, upon adjudication of the guardian’s account, awarded appellant the sum of $2,346.40. The board of trustees of the Home, at a meeting held in April, 1929, decided that owing to appellant’s improvidence it would be for her best interest for someone to have the control and care of the funds due her. The defendant, a trustee of the Home and a nephew of Christian M. Musselman, was selected to act as her trustee. He reluctantly agreed to serve in that capacity, and a deed of trust was accordingly prepared.
 

 Levi Sauder, Superintendent of the Home, informed the appellant that the trustees thought it would be wise for her to place her money in trust. She approved the suggestion and acquiesced in the selection of defendant as trustee. On May 23, 1927, the defendant, John M. Hertzler, and Sam Krayhill (deceased at the time of the trial), trustees of the Home, and Levi Sauder called on appellant at the place where she was then living as a domestic, and read and explained the import of the deed of trust to her. At the trial she admitted that the deed had been read to her from the beginning to the end. She then signed it in the presence of Sauder, Hertzler and Krayhill, and a copy was given to and retained by her.
 

 
 *222
 
 It was stated in the deed of trust that it was irrevocable and incapable of modification in any manner. Its terms authorized the trustee to expend at his discretion so much of the income or principal as might be required for appellant’s comfortable maintenance and support, and upon her death, after payment of debts, the balance was to be distributed to her lawful heirs, according to the intestate laws. The appellant testified that she was entirely satisfied with this arrangement until there was a default in the payment of interest due on the mortgage.
 

 The bill was not filed until October 19, 1936, more than seven years after the execution of the deed of trust. It alleged, inter alia, that, in pursuance of a previously agreed upon and concerted plan to get control of the appellant’s property, defendant and his associates represented to her that unless she would sign the deed of trust, her mother could claim the money awarded to her by the orphans’ court; that on account of these representations she executed the deed of trust without knowing its contents or significance. This charge was denied in the answer, and the evidence conclusively showed that no such representations were made.
 

 The appellant gave her guardian a receipt for the money awarded to her by the orphans’ court and it was then paid to the defendant, apparently with' her approval. He immediately invested it in a participation certificate issued by the Lancaster Trust Company, the record holder of a trust mortgage in the sum of $65,000, covering certain premises having an appraisal value of $92,000, located in the city of Lancaster. There was an allegation in the bill that this was a second mortgage, but the evidence does not support that statement. At the time of the trial, the real estate covered by the mortgage had been sold at sheriff’s sale for $34,500, and the entire purchase price had been received, accounted for by a substituted fiduciary as mortgagee,
 
 *223
 
 and distributed to the holders of participation certificates in the mortgage.
 

 In addition to the sum of money awarded to appellant by the orphans’ court, the defendant admitted that he received on February 14, 1933, from the treasurer of the Home, $63.33, representing $50, with interest, which was due the appellant as a ward of the Home under its rules. Thus there came into the trustee’s hands a total of $2,409.73. The interest paid on the participation certificate, in addition to the $63.33, was deposited by defendant in a savings account and, with the exception of a very small amount, was either paid to appellant or was expended with her approval in the payment of bills incurred by her.
 

 The court below found as a fact that plaintiff was of normal intelligence, could read and write, and that bills of over $400 had been presented to defendant representing debts incurred by appellant for medical attention and a small amount of merchandise, and concluded, as a matter of law, that no fraud was practiced on appellant in securing the execution of the deed of trust and the defendant was not guilty of any breach of trust in handling the funds which came into his hands.
 

 The court sitting in banc considered the exceptions filed to the findings of fact and conclusions of law, but failed to formally dispose of them. It clearly appears in the opinion of the court in banc and in its final decree that the exceptions were, in effect, dismissed. The appellant is not in a position, however, to complain of this omission in the present state of the record as the only assignment of error is to 'the court’s decree:
 
 Zbyszinsky et al. v. Lopopolo,
 
 112 Pa. Superior Ct. 68, 170 A. 362.
 

 The appellant argues, in support of her contention that a fraud was perpetrated on her, that a confidential relationship existed between the parties to this trans
 
 *224
 
 action, and, therefore, the burden of establishing perfect fairness was placed upon the defendant, which he failed to carry. Assuming a confidential relationship existed, there is no evidence that justifies the conclusion that the defendant was guilty of any breach of confidence, coercion, or other form of fraud, which is essential to set aside the deed of trust. There was ample proof that the burden cast upon the defendant of showing good faith and that no deception was used
 
 (Boyd et al. v. Kilmer,
 
 285 Pa. 533, 132 A. 709;
 
 Rutter v. Rutter,
 
 292 Pa. 343, 141 A. 146); was fully met. No facts were adduced that would lead a reasonable and impartial mind to the conclusion that the defendant was acting for this young woman otherwise than fairly and honestly.
 

 The appellant insists further that the deed of trust was testamentary in character, and, therefore, revocable by the settlor. The express terms of the deed of trust, which control, are in conflict with that position. It was held in
 
 Reese’s Est.,
 
 317 Pa. 473, 177 A. 792, that a settlor of a fund held under an active trust may not revoke or alter the terms of the trust, except to the extent and in the way specified in the settlement, notwithstanding the settlor has the entire beneficial interest in the fund for life. Mr. Justice Sharswood, in
 
 Ashhurst’s Appeal,
 
 77 Pa. 464, 468, said: “It is hardly necessary to add, that the rights of creditors not being in question, a person may make an irrevocable deed of trust of property for himself for life with remainder to his children, and the trust be an active one, if so drawn that the entire equitable interest or estate does not vest in the
 
 cestui que trust.
 
 Such deeds are often executed by young men or women by the advice of judicious friends, and to hold that they can be revoked at pleasure, would render such dispositions worse than useless.” In
 
 Jones’s Trust Est.,
 
 284 pa. 90, 93, 130 A. 314, Mr. Justice Walling, speaking for the
 
 *225
 
 court, said: “In the instant case the trust was deliberately established and long adhered to; that the settlor may now desire to change the disposition of the property is no ground for setting it aside. The trust deed became effective when executed and is in no sense testamentary.” See, also,
 
 Gill’s Est.,
 
 293 Pa. 199, 142 A. 207;.
 
 Pozzuto’s Est.,
 
 124 Pa. Superior Ct. 93, 188 A. 209. Those cases completely refute appellant’s argument on this branch of the case.
 

 Nor do we find merit in the contention that the investment made by the defendant was improvident or unlawful. The defendant sought the advice of the trust officer of the Lancaster Trust Company, who was experienced in financial affairs, in his endeavor to secure a safe investment, and followed his advice in accepting a participation certificate for the full amount of the money he had received from the appellant’s guardian. This was an act of a reasonably prudent trustee in trying to safeguard the funds placed in his hands. No higher degree of care was required of him.
 

 Furthermore, it was a lawful investment for trust funds. Under the Act of April 6, 1925, P. L. 152, (15 PS Sec. 2514) then in force, legal investments could be made not only in straight mortgages but also in those under which participation certificates, as in this case, were issued. In
 
 Dillon’s Est.,
 
 324 Pa. 252, 255, 188 A. 134, it is stated: “The Act of April 6, 1925, P. L. 152, has declared' that participation mortgages are not, by reason of the participation feature alone, improper trust investments, although ffio estate so participating shall be deemed to have individual ownership in any bond and mortgage in such fund.’” See, also,
 
 Gibson’s Est.,
 
 312 Pa. 359, 167 A. 282;
 
 Guthrie’s Est.,
 
 320 Pa. 530, 182 A. 248. The Act of 1925, supra, was repealed by the Act of May 15, 1933, P. L. 624, but it expressly provides in Section 1013 (7 PS §819-1013) that bonds or participation certificates issued
 
 *226
 
 prior to its effective date shall not be affected thereby.
 

 We find no reason for appellant to complain of the court’s failure to decree an accounting. There is no contention that the defendant was ever requested, or refused, to file an account. The uncontradicted evidence shows ;that there was no misapplication of the monies he had received that were payable to appellant. It was shown at the time of the trial that there was less than a dollar in his hands.
 

 It is unnecessary to discuss the question whether appellant was guilty of laches, as this case is readily disposed of on other grounds.
 

 We have come to the irresistible conclusion that the appellant has not established facts that entitle her to equitable relief. No evidence was offered that would warrant the court’s penalizing the defendant by requiring him to pay from his own resources any portion of the trust fund which may be lost. He only did what a reasonably cautious man would have done under like circumstances.
 

 Decree of the lower court is affirmed, at appellant’s costs.