## Smith's Estate.

Argued October 4, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

584

586

587

*Harold R. Schmidt,* with him *W. Denning Stewart,* of *Stewart & Lewis,* and *William J. Kennedy,* for appellants.

*Park J. Alexander,* for appellee.

Per Curiam, December 5, 1938:

Appellants complain that the trustee was not surcharged at the audit of its account. The applicable measure of responsibility was stated in *Drueding v. Tradesmens B. & T. Co.,* 319 Pa. 144, 147, that " 'In the determination of what is business judgment, too much stress must not be laid on retrospection. Our aftersight is not to be the sole judge, though it may be useful.' . . . 'It is well settled that a trustee shall not be surcharged by a court of equity for a loss which has occurred, in case he has exercised common skill, common prudence and common caution; but for supine negligence, or wilful default he shall be responsible.' "

The facts found by the learned court below, to which the rule was applied, are supported by evidence, and must therefore be accepted. A number of exceptions originally filed were withdrawn by the exceptants. We have considered the record in the light of the appellants' arguments, some, for the first time presented on appeal. The nature and character of the exceptions heard and disposed of, together with the reason for the action taken, sufficiently appear in the extracts which we have made from the opinion of the learned court below and which are printed in the reporter's statement of the case.

In each appeal the decree is affirmed, costs to be paid by appellants.