## Klennert's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*S. Lloyd Moore,* of *Moore, Gossling & Panfil,* for exceptants.

*Alexander Fried* and *Clinton A. Sowers,* contra.

BOLGER, J., February 23, 1940.—It cannot be disputed that the certificate constituting the investment is identical, except as to the time element, with the one condemned in Iscovitz's Estate, 319 Pa. 277. Exceptant points out, however, that the investment here is within the purview

of section 41 (*a*) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of April 26, 1929, P. L. 817, which was not construed in the Iscovitz case. The cited part of the amendment of 1929 authorizes investments, inter alia, in first mortgages on real estate in this Commonwealth, securing bonds or other obligations not exceeding in amount two thirds of the fair value of such real estate "or in trust certificates, issued by a trust company organized under the laws of this Commonwealth, certifying that the holders thereof are respectively the owners of undivided interests in deposits, with such trust company, of securities in which trust funds may be invested under the preceding provisions of this clause".

It is true that this Act of 1929 may authorize investment by fiduciaries in trust certificates issued by a trust company against first mortgages but it does not meet the fatal objections raised in Iscovitz's Estate, supra, namely, to the investment by an independent fiduciary of trust funds in certificates issued by a trust company—another fiduciary—against a fund of first mortgages, which fund is not fixed and defined but may be changed from time to time by way of substitution. The failure of the legislature specifically to depart from the requirements of identification and fixation of the trust res is regarded as significant because of the emphasis placed by the law upon the identification of the trust res and of the authority and responsibility from time immemorial vested in a trustee to select personally the trust res and not to delegate such duty. Another significant aspect of the act is the absence of specific exoneration of the investing fiduciary from the responsibility of determining that the mortgage or mortgages in the trust are legal and prudent investments. Such responsibility cannot be delegated.

Exceptant attempts to answer the conclusion of the auditing judge that the investment was improper because the trust funds against which the certificate was issued were not fixed, the trustee being free to substitute other

bonds and mortgages, by citing clause V of the Act of April 6, 1925, P. L. 152, which authorizes trust companies to assign to their various trust estates participations in a general trust fund of mortgages upon real estate securing bonds, providing for the necessary bookkeeping in identifying such investments, and providing that no estate so participating shall be deemed to have individual ownership in any bond and mortgage in such fund, and the company shall have the right at any time to repurchase at market value but not less than face value any such bonds and mortgages from such fund, with the right to substitute therefor other bonds and mortgages. We fail to grasp the reference, since this act is merely amendatory of the General Corporation Act of April 29, 1874, P. L. 73, and cannot in any sense be held to be generally applicable to all fiduciaries. Under it, mortgage pools have been held valid but only when the investment is by a corporate fiduciary who is likewise the trustee of the mortgage pool itself, as in Smith's Estate, 332 Pa. 581, etc.

The argument is advanced by exceptant that although the certificate does not identify or require the trust company to set up any specific trust res, nevertheless, such fund, properly earmarked, was actually set up and exceptant's interest therein as trustee duly recorded on the books; that the impropriety connected with the investment was therefore only a matter of form which should not be held fatal to the responsibility of exceptant: Gibson's Estate, 312 Pa. 359. With this reasoning we do not agree. Here, as distinguished from Gibson's Estate, we have two independent contracting fiduciaries. The contract of the trust company to invest is merely executory, while exceptant accountant has divested himself of control of the funds of his estate. This and the other elements stamping the investment as improper are fully discussed in the adjudication as well as in the Supreme Court's opinion in Iscovitz's Estate, supra.

The finding of fact that the trustee did not rely upon legal advice in making the investment is amply supported by the evidence.

The exceptions are dismissed and the adjudication confirmed absolutely.