## Cannon *versus* Boyd.

1. Where a continuous and apparent servitude is imposed by an owner on one part of his land for the benefit of another, a purchaser at private or judicial sale takes subject to the servitude.

2. An owner of land subject to a mortgage laid it out in lots, and built on two adjoining lots, on one was an alley which was used by the other ; the land was sold in the distinct lots under the mortgage, the use of the alley being apparent. *Held*, that the first lot was sold subject to the use of the alley, although no reference to it was made in the sheriff's deed.

3. Whether the agent who purchased the dominant lot at the sheriff's sale expected when he purchased to get the alley—was not evidence to affect his principal's title.

4. Overdeer *v.* Updegraff, 19 P. F. Smith 110 ; Seibert *v.* Levan, 8 Barr 383, recognised.

February 19th 1873.    Before REED, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.    AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 49, to July Term 1871.

This was an action on the case brought October 28th 1870, by John Boyd against Patrick Cannon, for closing an alley over which the plaintiff claimed he had a right of passage.

On the 17th of November 1845, Francis McCabe bought an

[Cannon *v.* Boyd.]

unimproved lot on Cotton street, Philadelphia, and gave a mortgage for part of the purchase-money. He divided it into three lots, and shortly afterwards built a house on No. 2. In 1856, he built on No. 3, adjoining the house on No. 2, leaving an alley on it —over which his house extended—opening into Cotton street. Mc-Cabe died about 1860. The entire lot was sold by the sheriff at the same time under the mortgage in the three separate lots, described as No. 1, No. 2, and No. 3. No mention was made in any of the proceedings of the alley, or an opening from No. 2 to No. 3. Lot No. 3 was sold to Cannon, and the deed made to him September 16th 1867. No. 2 to the plaintiff, and the deed made November 23d 1867.

The case was tried March 3d 1871, before Lynd, J.

The plaintiff testified that he had lived in the house on No. 2 and at the sheriff's sale, for three years before; there was a gate leading from the back porch of his house to the alley; he had never been interrupted in the use of the alley. He testified also that the defendant had closed the alley.

Another witness testified that McCabe had put up a gate from No. 2 into the alley for the use of those in the house.

Other witnesses testified that for seven or eight years before the sheriff's sale, the alley had been used by both parties; that lot No. 2 had a passage over lot No. 3, before the house on No. 3 was built; there was a gate into the alley from each lot at the sheriff's sale; that the tenants of lot No. 2 uninterruptedly used the alley.

The defendant's witnesses testified that the alley had been put there by McCabe, specially for his own use; that plaintiff had used it without license; "merely was not interfered with nor forbidden to use it."

A witness for defendant testified that he had bought No. 2 at sheriff's sale for the plaintiff.

The defendant then proposed to ask the witness:—

"Did you purchase that property expecting or believing that you got a title to that alley?"

The question was objected to by plaintiff, overruled by the court, and a bill of exceptions sealed.

The defendant gave other evidence in answer to the plaintiff's case.

The defendant submitted two points which were declined by the court, viz :—

1. "The sheriff's sale and deed to defendant under the mortgage, describing the land, vested the soil of the alleged alley in the defendant, clear of the easement claimed by plaintiff.

2. "If the jury believed that the alley was merely used by McCabe, the then owner, for his own accommodation, and not as an

[Cannon *v.* Boyd.]

easement, nor as a right annexed to the plaintiff's lot, the verdict should be for defendant."

The court also charged, that " the only question in this case is, what was the condition of these two properties at the time of the sheriff's sale; if the condition of the properties at the sheriff's sale was such as to indicate that the occupants of property now owned by plaintiff, used the alley in question, and had a right to do so, their verdict should be for plaintiff."

The verdict was for the plaintiff.

The defendant removed the record to the Supreme Court and assigned for error:

1, 2. Declining his points.

3. The charge.

4. Rejecting his offer of evidence.

*W. L. Hirst*, for plaintiff in error.—On 1st point, cited King *v.* McCully, 2 Wright 76. On 2d, Price on Limitation 189, 324, 326; Washburn on Real Estate 114, 116, 121; Reimer *v.* Stuber, 8 Harris 458.

*J. Dolman*, for defendant in error.—Each purchaser at sheriff's sale took all the benefits and burdens which were continuous and apparent: Nicholas *v.* Chamberlaine, Cro. Jac. 121; McCarty *v.* Kitchenman, 11 Wright 243; U. S. *v.* Appleton, 3 Sumner 502; Seibert *v.* Levan, 8 Barr 383; Dunklee *v.* R. R. Co., 4 N. H. 489; Seymour *v.* Lewis, 13 N. J. 439; Lampman *v.* Milks, 21 N. H. 505; New Ipswich Factory *v.* Bachelder, 3 N. H. 190.

The opinion of the court was delivered, May 17th 1873, by

WILLIAMS, J.—Where a continuous and apparent easement or servitude is imposed by the owner on one portion of his real estate for the benefit of another, the law is well settled that a purchaser at private or judicial sale, in the absence of an express reservation or agreement on the subject, takes the property subject to the easement or servitude: Seibert *v.* Levan, 8 Barr 383; Overdeer *v.* Updegraff, 19 P. F. Smith 110, and cases there cited. The sheriff sold and conveyed the lots to the parties in this case without reference to the existence of the alley on the lot purchased by the defendant; but the evidence shows that the alley was open and apparent at the time of the sale, and that there was a gate leading into it from the lot purchased by the plaintiff, clearly indicating that it was used in common by the tenants of both lots. It also appears from the evidence that the alley was laid out and opened by McCabe, the former owner of the lots, and that it was used in common by the occupants thereof for a period of more than ten years prior to the sheriff's sale. The court below was, therefore, clearly right in declining to charge that the sheriff's

[Cannon *v.* Boyd.]

sale and deed vested the soil of the alleged alley in the defendant, clear of the easement claimed by the plaintiff; and in charging that the only question in the case is, What was the condition of these two properties at the time of the sheriff's sale? If the condition of the properties at the sheriff's sale was such as to indicate that the occupants of the property, now owned by the plaintiff, used the alley in question and had a right to do so, the verdict should be for the plaintiff.

There was no error in refusing leave to ask the plaintiff's agent whether he purchased the property expecting or believing that he got a title to the alley. The expectation or belief of the agent could not affect the plaintiff's title.

Judgment affirmed.