# Weaver *v.* Getz.

*Easement—Right of way—Right of way by deed—Nonuser.*

A person who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has in the land, and it is no more necessary that he should make use of it to maintain the title than it is that he should actually occupy or cultivate the land; hence his title is not affected by nonuser; and, unless there is shown against him some adverse possession or loss of title in some of the ways recognized by law, he may rely on the existence of his property with full assurance that, when the occasion arises for its use and enjoyment, he will find his rights therein absolute and unimpaired.

The fact that another right of way than that acquired by deed was used, is no evidence of abandonment of the right of way acquired by deed, in the absence of any proof that the owner of the land obstructed such right of way.

*Equity—Jurisdiction—Easement—Right of way.*

A person having an easement of a right of way over the lands of another may enforce his right in equity. He is entitled to a remedy that will restore him to enjoyment, and is not confined to actions at law for damages resulting from obstructions.

Argued Nov. 15, 1900. Appeal, No. 109, Oct. T., 1900, by defendant, from decree of C. P. Lancaster Co., Equity Docket No. 3, p. 231, on bill in equity in case of Maria Weaver v. Ben-

jamin Getz.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Bill in equity for an injunction, to restrain the obstruction of a right of way.

From the record it appeared that plaintiff is the owner of a tract of mountain timber land of about forty-five acres in East Earl township, and that she had a right of way acquired by deed over adjoining land owned by defendant.  The defendant's land is improved land.  The deed creating the right of way was dated April 3, 1773, and described the easement as "a full free and constant privilege of a road or passage for a wagon from the said stone, a corner, or at the end of said 152 perches line, by the same courses thereof and through the said Michael Raunk's other land until it intersects Matter's road, so-called, and for the purpose of hauling the produce of the land thereby granted to said Matter's road."

Defendant claimed title by mesne conveyances from Michael Rank.  The evidence showed that plaintiff for some time prior to the filing of her bill had been using another road over the Getz land than that which she had under the deed.

The court in an opinion by LIVINGSTON, P. J., awarded the injunction prayed for.

*Error assigned* was in awarding a permanent injunction.

*W. U. Hensel,* for appellant.—The testimony of the plaintiff did not even justify a finding that the owners of the Weaver tract had used the right of way over the Getz tract "until recently;" and that it had "never been given up or abandoned."

If plaintiff's testimony alone did not make a doubtful right, surely defendant's fully established nonuse and abandonment.

If the right was doubtful it was not a case for equitable relief: Hacke's App., 101 Pa. 245; Erb v. Brown, 69 Pa. 216; Bombaugh v. Miller, 82 Pa. 203; Manbeck v. Jones, 190 Pa. 171; King v. McCully, 38 Pa. 76; Minnig's App., 82 Pa. 373; Mowday v. Moore, 133 Pa. 598; Mirkil v. Morgan, 134 Pa. 144; Roman v. Strauss, 10 Md. 89; Van Bergen v. Van Bergen, 3 Johnson's Chan. 286; Jerome v. Ross, 7 Johnson's Chan. 315; Biddle v. Ash, 2 Ashmead, 211; Hart & Hoyt v. Albany, 3

Paige (N. Y.), 213 ; Coe v. Winipisiogee Lake Cotton, etc., Company, 37 N. H. 254 ; Shields v. Arndt, 3 Green's Chan. (N. J.) 234 ; Webber v. Gage, 39 N. H. 182 ; West v. Walker, 2 Green's Chan. (N. J.) 279.

*A. B. Hassler,* for appellee.—Abandonment is largely a question of intention, depending upon the facts of a particular case, and there must be intention to abandon shown : Washburn on Easements, *543–*547–*551 ; Ermentrout v. Stitzel, 170 Pa. 540 ; Ferguson's Appeal, 117 Pa. 426.

A right of way acquired by deed cannot be lost by nonuser and adverse possession : Lindeman v. Lindsey, 69 Pa. 93 ; Hall v. McCaughey, 51 Pa. 43 ; Erb v. Brown, 69 Pa. 216 ; Thompson v. McElarney, 82 Pa. 174 ; Bombaugh v. Miller, 82 Pa. 203.

Injunction is the proper remedy to restrain the defendant from interfering without use of the right of way granted by deed : Hacke's App., 101 Pa. 245 ; Manbeck v. Jones, 190 Pa. 171.

Even though we have a remedy at law, we are entitled to an injunction, for the reason that the remedy at law is inadequate : Hacke's Appeal, 101 Pa. 245 ; Manbeck v. Jones, 190 Pa. 171.

OPINION BY BEAVER, J., February 14, 1901 :

The plaintiff filed her bill, claiming title to a tract of mountain land in the deed for which, made by the then owner of the lands of both plaintiff and defendant, there was granted, by express terms, " the privilege of a road or passage for a wagon from " a given corner of the said land " through the said Michael Raunk's other land (now owned by the defendant) until it intersects Matter's road, so-called, and for the purpose of hauling the produce of the land thereby granted to said Matter's road ;" alleging the use of the said right of way over the lands of the defendant, in the manner and for the purposes described in the original grant; that the said right of way had been recently obstructed by the defendant and that, if the obstruction was permitted to continue, she would suffer irreparable damage for which she would have no adequate legal remedy, and praying that defendant be enjoined and directed to remove all obstructions from her right of way and from interfering with its use in the future.

The answer contained a general denial of the facts alleged by the bill, and testimony was thereupon taken and a full hearing had.

The court below found the facts substantially as alleged in the bill and granted a permanent injunction as prayed for.

The appellant presented his statement of errors in nineteen distinct specifications, but argues them under two general divisions, namely, "first, the erroneous finding of fact that there had been no abandonment of the right of way," and, "second, the erroneous conclusion of law that the plaintiff was entitled to equitable relief."

1. Did the plaintiff, or those under whom she claimed, abandon the right of way conveyed by deed in express terms? If so, it must have been done either by nonuser or by the substitution of another way to the Matter's road than that described in the original deed. But an easement acquired by deed cannot be lost by mere nonuser. The reasonableness of this rule finds a signal illustration in the present case. The land in connection with which the right of way was granted was timber land. If the original timber had been entirely removed and the land had been allowed to reforest itself, it might have been twenty-five or thirty years before the plaintiff would have any occasion to use her right of way in removing the produce of the land by the right of way reserved. It will hardly be contended that in such a case she would have lost her right to the easement by her failure to use it. As was said in Welsh v. Taylor, 18 L. R. A. 535 (1892): "A person who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has in the land, and it is no more necessary that he should make use of it to maintain the title than it is that he should actually occupy or cultivate the land; hence his title is not affected by nonuser; and, unless there is shown against him some adverse possession or loss of title in some of the ways recognized by law, he may rely on the existence of his property with full assurance that, when the occasion arises for its use and enjoyment, he will find his rights therein absolute and unimpaired." See, in connection with this case, an elaborate note on the effect of nonuser of an easement in which the authorities are fully cited. To the same effect are our own

cases of Lindeman v. Lindsey, 69 Pa. 93, Erb v. Brown, 69 Pa. 216, and Bombaugh v. Miller, 82 Pa. 203.

The fact that plaintiff may have used for convenience another way over other lands of defendant than the one specifically described in the original grant of her right of way, is not evidence of abandonment of that to which she became thereby entitled. Such change may have been made for the benefit of the defendant in his farming operations, but unless necessitated by a denial or obstruction by the defendant of the use of the right of way originally granted, could not affect the plaintiff's right to its use. There is no evidence that there was such a denial or that the right of way originally granted was obstructed by the defendant in such a way as to compel the use of the way over what is called the Barbara Martin tract. Nor would the fact that there was such a way, have justified the defendant in obstructing the way through the Harriet Wallace tract which was acquired through the original grantor of the plaintiff's land and the easement connected therewith: Manbeck v. Jones, 190 Pa. 171.

2. As to the plaintiff's right to equitable relief, it must be remembered that her title rested upon a deed in which the easement was granted by express terms. It was, therefore, not doubtful and, in such a case, it is not necessary to first establish the right by a suit at law; nor is it necessary that the owner should prove special damage to entitle her to a decree : Hacke's Appeal, 101 Pa. 245; Manbeck v. Jones, 190 Pa. 171. The plaintiff is entitled to remove the produce of her land at any time that she may see fit to do so. It would be annoying, vexatious and altogether unnecessary to compel her to bring an action of trespass every time she was denied the right to use her right of way for bringing a load of wood from her timber land. As was said by Mr. Justice Trunkey in Hacke's Appeal, supra : " The obstruction of a way by the owner of the land differs widely from the maintenance of a mill or factory which is in itself lawful but by its noise, fumes or odors becomes a private nuisance to a person in the vicinity. In the latter case the question of irreparable damage enters and often a court of equity will not interfere : Richards's Appeal, 57 Pa. 105. The doctrine of that case applies to many other kinds of business; but not where a man buys land subject to an easement

or grants an easement.   He cannot appropriate such property against the owner's will and say, I will compensate him in damages.   A judgment for damages does not transfer the plaintiff's property in the way, to the defendant, as would a judgment in trover or trespass for taking goods; nor will the law restore enjoyment to the owner.   He may have repeated actions for damages and neither gain enjoyment nor lose his rights thereto. The law does not offer an adequate remedy.   He is entitled to a remedy that will restore him to enjoyment, and is not confined to actions at law for damages resulting from obstructions." This we take it is the well settled rule in Pennsylvania and governs this case.

Accepting these propositions, made by the appellant himself, as covering the entire case, there is no necessity for further discussion.   The findings of fact, as made by the court below, were justified by the evidence, and the law is clearly with the plaintiff.

Decree affirmed and appeal dismissed at the cost of the appellant.