Garvey *v.* Harbison-Walker Refractories Company, Appellant.

213    177
f219    ⁴625
f 34 SC ¹424

213    177
226  ⁴511
39SC⁶ 65

*Deed—Plan of lots—Streets—Dedication—Equity—Estoppel.*

A sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of it to public use.

The proprietor cannot revoke the dedication, and the purchaser of a lot abutting on one of the streets as well as all other persons owning lots in the general plan may assert the public character of the street and the right of the public to use it.

The fact that the plan of lots does not appear on the maps of the municipality is immaterial as between parties claiming under the original owner and affected with knowledge of his plan.

Where a corporation encroaches with a building upon one of the streets shown in the plan, and its successor in title, another corporation, purchases all of the lots on the plan, except lots owned by one person, the latter has a right to compel such corporation to remove the encroachment from the street, and this he may do by a bill in equity.

In such a case where the owner has not consented to or acquiesced in the placing of the obstruction on the street, his mere silence will not prevent him from demanding the removal of such obstruction. The rule applies that "if the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel."

On a bill in equity by a purchaser of a lot according to a plan of lots against another purchaser who has obstructed a street shown on the plan of lots, the question of irreparable damages does not enter, and the jurisdiction of equity will be maintained, because the law does not afford an adequate remedy.

Argued Oct. 9, 1905.    Appeal, No. 40, Oct. T., 1905, by defendant, from decree of C. P. Cambria Co., March T., 1903, No. 1, on bill in equity in case of Bernard Garvey v. Harbison-Walker Refractories Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for an injunction.    Before O'CONNOR, P. J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court commanding the defendants to remove all fences, railroad tracks, brickkilns,

sheds, offices, scales, buildings and obstructions on or along Tibbott street, and a neighboring alley.

*Roberts S. Murphy*, with him *Thomas E. Murphy* and *James E. McCloskey*, for appellant.—Two elements, that of relative expense and inconvenience, enter largely into a determination of the question, and the court should consider how much is occasioned to the parties: Green v. Richmond, 155 Mass. 188 (29 N. E. Repr. 770) ; Berkely v. Smith, 27 Grattan (Va.), 892; Welsh v. Taylor, 50 Hun, 137 (2 N. Y. Supp. 815).

Plaintiff was guilty of laches: Hartman v. Fick, 167 Pa. 18; Kohler v. Smith, 3 Pa. Superior Ct. 176 ; Orne v. Fridenberg, 143 Pa. 487 ; Fidelity Ins., etc., Company v. Fridenberg, 175 Pa. 500 ; Heilman v. Lebanon, etc., Street Railway Company, 175 Pa. 188; Rennyson v. Rozell, 106 Pa. 407 ; Neely's Appeal, 85 Pa. 387 ; Evans's Appeal, 81 Pa. 278 ; Butler v. Egge, 170 Pa. 239 ; Fidelity Ins., etc., Co. v. Fridenberg, 175 Pa. 500.

Equity has no jurisdiction: Rhea v. Forsyth, 37 Pa. 503; Cumberland Valley R. R. Co.'s App., 62 Pa. 218; Steel v. Huntingdon Borough, 191 Pa. 627 ; Scranton v. D. & H. Canal Co., 12 Pa. C. C. Rep. 283; Chicago, etc., Ry. Co. v. People ex rel. Elgin, 91 Ill. 251 ; Robb v. Carnegie, 145 Pa. 324.

*William Williams*, with him *Harry Doerr*, for appellees.—A sale of a large number of lots by conveyance which called for a frontage upon a certain street amounts to a dedication as between the vendor and his successors in title and all the vendees : Com. v. Shoemaker, 14 Pa. Superior Ct. 194 ; Ferguson's App., 117 Pa. 426; Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Weaver v. Getz, 16 Pa. Superior Ct. 418; Hacke's App., 101 Pa. 245 ; McMurtrie v. Stewart, 21 Pa. 322; Penna. Schuylkill Val. R. R. Co. v. Reading Paper Mills, 149 Pa. 18; Com. v. Moorehead, 118 Pa. 344 ; Bald Eagle Val. R. R. Co. v. R. R. Co., 171 Pa. 284 ; Geible v. Smith, 146 Pa. 276 ; Quicksall v. Philadelphia, 177 Pa. 301; Orne v. Fridenberg, 143 Pa. 487 ; Manbeck v. Jones, 190 Pa. 171.

Silence will postpone a title where it misleads, and thus becomes a fraud, but it will not postpone where the party seeking the postponement on the ground of silence is himself aware

of his title : Woods v. Wilson, 37 Pa. 379 ; Bright v. Allan, 203 Pa. 394 ; Knouff v. Thompson, 16 Pa. 357 ; Thompson's App., 126 Pa. 367 ; Heilman v. Ry. Co., 180 Pa. 627.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906 :

It is settled by numerous decisions of this court that a sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use : Transue v. Sell, 105 Pa. 604 ; Quicksall v. Philadelphia, 177 Pa. 301. The proprietor cannot revoke the dedication, and the purchaser of a lot abutting on one of the streets as well as all other persons owning lots in the general plan may assert the public character of the street and the right of the public to use it : In re Opening of Pearl Street, 111 Pa. 565. " Where one owns property by a title sufficient to give him entire dominion over it," says THOMPSON, C. J., in Davis v. Sabita, 63 Pa. 90, " he can grant it all, or reserve portions of it as he pleases. So may he dedicate it to uses not contrary to law, either public or private, and it is only by lawful process, or the assent of those for whose use the dedication was made, that any change can be made. It is not for one citizen to disregard the lawful exercise of rights by another." The fact that the plan of lots does not appear on the maps of the municipality is immaterial as between parties claiming under the original owner and affected with knowledge of his plan : Transue v. Sell, 105 Pa. 604.

Both parties to this litigation claim under Mrs. Tibbott, the common grantor. She was the owner in fee of a tract of land in Lower Yoder township, now situate in the city of Johnstown, Cambria county, and laid it out into building lots. In 1893, she began to sell the lots and in the conveyances they were described as adjoining and bounded by the streets and alleys designated on the plan. One of the streets named on this plan is Tibbott street. The lots on the south side of this street extended to an alley, running parallel with the street, and were sold to persons who improved them by the erection of buildings with reference to the street and alley. Three of the lots, at the intersection of Tibbott and River streets, are now owned by the plaintiff and were conveyed by Mrs. Tibbott

and her husband to the plaintiff's predecessor in title in 1893 and 1894.    Tenement houses and a stable were erected on these lots.    In 1894 the Basic Brick Company, the defendant's grantor, purchased some lots in the Tibbott plan and erected thereon a plant for the manufacture of brick.    In extending the plant, Tibbott street and the two alleys mentioned in the plaintiff's bill were encroached upon and obstructed.    Subsequently the company acquired title to all the other lots in the plan except those owned by the plaintiff, and on July 1, 1902, conveyed by deed its entire plant to the defendant company. This deed calls for Tibbott street.    The trial judge found, on sufficient evidence, that " neither party has acquired any title to Tibbott street or the lots in question, except that acquired in the conveyance of lots by deeds calling for streets or alleys upon a plot or plan."

It is apparent from a statement of the undisputed facts that the defendant company and its predecessor in title had no authority, against the objection of an owner of another lot in the plan, to place obstructions on Tibbott street or any other street or alley designated on the plan of lots of which its real estate formed a part.    By its deed, the Basic Brick Company took the lots conveyed to it subject to an easement by the public in the streets and alleys on which the land abutted.    It held its lots subject to the same easement and with the same rights on the streets and alleys designated in the plan as the owners of the other lots had.    It is claimed, however, as a defense to this proceeding that equity has no jurisdiction, and that the plaintiff has no right to the relief he seeks because of the acquiescence of himself and of his predecessor in title in the encroachments complained of, that the relief sought would be disproportionate to the alleged injury, that the damage to the defendant company by granting the relief asked would be irreparable, and that the buildings and encroachments were built on the streets and alleys with the belief that no public or private right was invaded.    We do not regard either of these positions as tenable. That equity has jurisdiction to give the plaintiff relief for the injury he has sustained we have no doubt.    His right to have the streets and alleys kept clear of obstructions must be conceded under all our decisions.    It is conferred by the grant contained in his deed, the validity of which is not questioned.

Mrs. Tibbott was the owner of the land at the time it was sub-divided into lots and is, as we have seen, the common grantor of both parties to this litigation. Hence the defendant company is not in a position to deny the existence of the ways designated in the plan of lots laid out by her and sold with reference to the plan: Hacke's Appeal, 101 Pa. 245; Ferguson's Appeal, 117 Pa. 426; Manbeck v. Jones, 190 Pa. 171. In Hacke's Appeal, Mr. Justice TRUNKEY, speaking for the court, says (p. 249) : " It has long been settled that nuisances to rights of way are one of the classes of cases in which the equitable remedy by injunction may be sought. This was established in England and accepted as a rule in this country. No case has been cited where it was denied or doubted in this state. Its existence has been recognized. . . . This right of way is founded upon contract, the grant being shown by the respective deeds under which Brown and Hacke hold their lots. The owner has a right to its enjoyment in the mode and form stipulated for in the deed. The mere fact that the appellants prevent such enjoyment is a sufficient ground for interference of the court by injunction."

Nor will the alleged acquiescence or laches of the plaintiff and his predecessors in title avail the defendant company in this proceeding, and estop the plaintiff from asserting his right to have the obstructions removed from the street and alleys designated on the Tibbott plan of lots. The plaintiff contends that neither he nor those through whom he claims title consented to or acquiesced in placing the obstructions on the street and alleys, and the court found, in support of this contention, that from 1897 until the plaintiff became the purchaser of the property he was the agent of the owners, and as such protested from time to time against the encroachments. But aside from any objections which may have been made against the obstructions being placed upon the highways, the silence of the owners of the lots would not, under the facts of the case, prevent them now from demanding the removal of the obstructions. The defendant admits that its title papers call for Tibbott street and the alleys and refer to the plan, and the learned trial judge found as a fact, on sufficient evidence, that the defendant's grantor, the Basic Brick Company, " knew that it was encroaching upon and obstructing this street and the alley ways, though

it continued to encroach upon and obstruct Tibbott street by building a brickkiln thereon in 1899 and a machine shop in 1900." The Basic Brick Company therefore knew of the streets and alleys and of their location when it placed the obstructions upon them, and hence had knowledge that its act was unlawful and to the prejudice of the other owners of lots in the Tibbott plan. The deeds in its chain of title gave it notice of the streets and of their location, and there was nothing to justify the belief that in obstructing the streets and alleys it was not invading a public or private right. The silence of the plaintiff or of his predecessors in title, therefore, under the record facts in this case, will not work an estoppel: Hill v. Epley, 31 Pa. 331 ; Ormsby v. Ihmsen, 34 Pa. 462; Woods v. Wilson, 37 Pa. 379. " If the truth be known to both parties, or if they have equal means of knowledge," says STRONG, J., in Hill v. Epley, " there can be no estoppel." And in Ormsby v. Ihmsen, the same justice, delivering the opinion, says : "If the truth was known to both parties, there can be no estoppel; for it is essential to such an estoppel, that the party who asserts it has been misled, and he cannot be misled by a statement, the falsity of which he knows." In Woods v. Wilson, it is said that silence will not postpone a title when a party who is himself aware of the title seeks to postpone it on the ground of silence, and that when both parties are aware of their respective rights it (the doctrine of estoppel) has no place in law or equity.

It has been distinctly ruled that in cases of this character the question of irreparable damages does not enter, and that the law does not afford an adequate remedy : Hacke's Appeal, 101 Pa. 245. In that case it is said (p. 249) : " It is not necessary that the owner should prove damage to entitle him to his property. . . . The court will not, unless under very exceptional circumstances, take into consideration the comparative injury to the parties from granting or withholding the injunction. The obstruction of a way by the owner of the land differs widely from the maintaining of a mill or factory which is in itself lawful, but by its noise, fumes or odors, becomes a private nuisance to a person in the vicinity. Here the question of irreparable damage enters. . . . But not where a man buys land subject to an easement, or grants an easement. He cannot appropriate such property against the owner's will and

say I will compensate him in damages. . . . The law does not offer an adequate remedy. He is entitled to a remedy that will restore him to enjoyment, and is not confined to actions at law for damages resulting from obstructions."

We find no substantial error in this record, and the decree of the court below is affirmed.