# Rieger *v.* Stoudt, Appellant.

*Easement—Right of way—Obstruction—Nuisance—Prescription—Deed —Injunction—Equity.*

A person upon whose land an easement of a right of way for the benefit of adjoining land has been established for sixty years either by deed or by prescription, has no right to obstruct and close up the right of way merely because the adjoining owner maintains an ash and garbage pile and other things along or near the right of way amounting in the opinion of the servient owner to a nuisance; and if he attempts to do so the obstruction which he puts up will constitute a nuisance to the right of way which a court of equity may abate by injunction.

Argued Dec. 11, 1908.  Appeal, No. 95, Oct. T., 1908, by

defendant, from decree of C. P. Schuylkill Co., July T., 1907, No. 1, on bill in equity in case of Henry Rieger et al. v. John S. Stoudt. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an injunction. Before SHAY, J.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in refusing various requests for findings of fact and conclusion of law.

*L. D. Haughawout* and *W. F. Shepherd,* for appellants.— To justify a mandatory preliminary injunction a clear case of prospective injury for which the plaintiff will have no adequate remedy at law is indispensable: Gardner v. Stroever, 6 L. R. A. 90; Gardner v. Jersey City, 32 N. J. Equity, 586; Powell v. Foster, 59 Georgia, 790; Johnson v. Conn. Bank, 21 Conn. 148; Watson v. Sutherland, 72 U. S. 74.

*George Dyson,* for appellees, cited: McCarty v. Kitchenman, 47 Pa. 239; Cannon v. Boyd, 73 Pa. 179; Richmond v. Bennett, 205 Pa. 470; Hacke's App., 101 Pa. 245; Manbeck v. Jones, 190 Pa. 171.

OPINION BY MORRISON, J., March 8, 1909:

The defendant appeals from a final decree in equity compelling him to remove obstructions which he had placed across an easement, a right of way, across his lot in the borough of Pottsville. In 1844, George Heffner owned a lot of ground in the borough of Pottsville, on the westerly side of Centre street, sixty feet front on Centre street and 240 feet deep to Second street, and on June 21, 1844, he granted and conveyed to George Moyer, now deceased, the northern part of said lot, being forty-three feet along Centre street to Minersville street and extending in depth 240 feet to Second street; said property being now known as the Eagle hotel. Heffner still retained seventeen feet and five inches in width of said original lot No. 82, "Excepting and reserving for himself out of the premises afore-

said, the free and uninterrupted use, liberty and privilege of a passage along the messuage, or dwelling house, through the yard of said premises, which are about to be conveyed to the said George Moyer, to a thirty-three feet wide street on the northern end of the said house and also the free and uninterrupted use of the hydrant in the yard, together with free egress, ingress and regress to and for the said George Heffner, his heirs and assigns, with horses and carts and carriages at all convenient times and seasons through the yard of the said George Moyer, his tenants and undertenants, occupiers or possessors to his heirs and assigns forever, in common with the said George Moyer, his heirs and assigns, subject nevertheless to the moiety or equal half part of all necessary charges and expenses which shall accrue in paying, amounting, repairing and clearing the said yard, and his portion of water rent to the Pottsville Water Company for the use of the said water." The hydrant mentioned in said deed is not in controversy.

By sundry conveyances from the said George Moyer, now deceased, and his grantees, John S. Stoudt, appellant, became vested with the title to said lot and premises known as the Eagle hotel property, and he has been in possession of the same by virtue of a deed from Harris Rubinsky and wife, and Israel Rubinsky, dated June 29, 1905, which deed refers to the above easement or right of way. By virtue of a deed, dated March 24, 1847, from George Heffner to John Rieger and Gottlieb Rieger, now deceased, and a legal conveyance from John Rieger, aforesaid, and the operation of the intestate laws, the title to the southern part of said first mentioned lot, beginning at a point forty-three feet from Minersville street, on Centre street, thence southerly seventeen feet and five inches to lot No. 81, thence westerly 240 feet to Second street, became vested in Henry Rieger, George W. Rieger and Rosa Heblich, appellees.

In the appellant's answer he admits that he fenced, closed, blocked and locked the old right of way from the appellee's lot to his premises; that on notice to abate and remove the obstructions to the servitude and right of way, he refused so to do and that he had attempted to change the location of the right of way to a point about thirty-five feet west from the rear of his

premises where it had been theretofore located and used for a period of nearly sixty years. He averred that he fenced and destroyed the original right of way for the reason that the odor coming from the garbage and other refuse matter, taken from the premises of the appellees, near the right of way, in conjunction with that which was left there by the passing of cattle, horses, etc., to the stables on the rear of appellant's premises, created such a nuisance that he was justified in closing and destroying this right of way, which had been in existence and use for nearly sixty years.

The case was first heard on bill and answer and the learned court found the facts and conclusions of law and made a nisi decree, recognizing that the plaintiffs were maintaining a nuisance in or along the right of way and refusing to grant them the relief prayed for until they would abolish the nuisance. The learned court says in his supplemental opinion that he believed from representations of counsel that this was a final hearing and he filed his opinion accordingly; that "counsel for defendant demanded the taking of testimony which we permitted and which we have carefully considered; that counsel for plaintiff on first argument admitted all of defendant's answers for the purpose of the case, but stood upon the law claiming defendant had no legal right to remove or destroy the right of way; that after a careful review of this testimony we must revise some of our findings of fact and conclusions of law:" The fourth finding of fact, to wit: plaintiffs have committed a long continued nuisance along this right of way, and neglected or refused to abate the same upon notice, we must reverse.

"The great weight of the evidence, even by some of defendant's own witnesses establishes a contrary state of facts, that is, that plaintiff has not maintained a nuisance there at all. Defendant complains of the privy and ash pile on plaintiff's premises. They are there, not by reason of this right of way and have nothing whatever to do with it. They would be there and are there now, whether the right of way existed or not.

"  . . . . We therefore find as an additional or revised fact that plaintiffs have committed no nuisance along this right of way."

We think the evidence fully sustains the learned court in all of the findings of fact. It thus appears that, insisting upon taking more than 100 printed pages of testimony, after a supposed final hearing on bill and answer, the defendant found himself in a worse position than before he took any testimony. Some of his averments in the answer being completely overthrown by the evidence.

The foundation of the error running through the appellant's argument is the assumption that because an ash and garbage pile and some other things along or near this right of way amount, in defendant's opinion, to a nuisance, he can, therefore, by his own act, shut up and destroy a right of way created by deed of record long prior to the time when he acquired any interest in the property in question. This contention will not stand the test of a fair legal consideration for a moment. Whatever is reasonably incident to the proper use of this right of way cannot be treated as a nuisance. If the plaintiffs are maintaining an ash and garbage pile which amounts to a nuisance, along or near this right of way, the learned counsel for the appellant ought to be able to discover a legal method of having the nuisance abated. But this cannot be done by forfeiting plaintiff's rights under a deed under which both appellant and appellees claim title. The learned counsel further contend that the original right of way was not definitely located in the deed which created it, but here again they are mistaken. In the Heffner deed of 1844, the right of way is described as follows: "The free and uninterrupted use, liberty and privilege of a passage along the messuage or dwelling house through the yard of said premises, which are about to be conveyed to the said George Moyer, to a 33 feet wide street on the northern end of the said house," etc. Now, as we have seen, this right of way was opened and used along or next to the dwelling house for a period of nearly sixty years, and it is now idle to contend that the appellant can close this right of way and open another one thirty-five feet west of it without the consent of the appellees. This for two reasons: (a) the deed describes and locates the right of way with reasonable certainty, and (b) if this were not so, the location and use of it for nearly sixty years, next to the dwelling

house, would establish the location by prescription. The evidence shows that appellant knew that this right of way was there when he bought this property and he had lived there for a number of years when he purchased it.

In Cannon v. Boyd, 73 Pa. 179, our Supreme Court (p. 181) said: "Where a continuous and apparent easement or servitude is imposed by the owner on one portion of his real estate for the benefit of another, the law is well settled that a purchaser at private or judicial sale, in the absence of an express reservation or agreement on the subject, takes the property subject to the easement or servitude: Seibert v. Levan, 8 Pa. 383; Overdeer v. Updegraff, 69 Pa. 110; and cases there cited." See also McCarty v. Kitchenman, 47 Pa. 239. These cases were cited and followed in Manbeck v. Jones, 190 Pa. 171.

In Richmond v. Bennett, 205 Pa. 470, it is held as stated in the syllabus: "In general, an easement created by express grant cannot be destroyed by anything short of a new grant of equal solemnity or adverse possession, constituting a prescriptive right. Nonuser will not terminate it."

But the learned counsel for appellant contend that the court erred in granting an injunction. Their theory is that the appellees must resort to their remedy at law, but here they are wrong again. In Hacke's Appeal, 101 Pa. 245, it is said in the first syllabus: "Nuisances to rights of way form one of the classes of cases in which the equitable remedy of injunction may be sought. If the right is clear and not doubtful, it need not first be established by a suit at law, nor is it necessary that the owner should prove special damage to entitle him to a decree." In that case (p. 249) Mr. Justice TRUNKEY, speaking for the court, said: "It has long been settled that nuisances to rights of way are one of the classes of cases in which the equitable remedy by injunction may be sought. This was established in England, and accepted as a rule in this country. No case has been cited where it was denied or doubted in this state. Its existence has been recognized. The dictum is, that the right should be clear to warrant a decree and injunction to compel the keeping open of the way, and if the right be doubtful a chancellor will pause until it be established by law: King v. McCully, 38 Pa.

76." That case is quoted with approval by Mr. Justice MESTREZAT in Garvey v. Refractories Co., 213 Pa. 177, and also in Mershon v. Fidelity Ins., etc., Co., 208 Pa. 292, and we followed Hacke's Appeal in Hickham v. Twaddell, 25 Pa. Superior Ct. 188.

In Manbeck v. Jones, 190 Pa. 171, it is said in the syllabus: "Where a right to a way is not doubtful, but is clearly shown, equity has jurisdiction to compel the keeping open of the way, before a decision on the question of the right to the easement is had on the law side of the court. . . . The law does not offer an adequate remedy. "

If there ever was a clearer case of an established right of way which the appellant could not arbitrarily close or obstruct, our attention has not been called to it. If the question had been tried on the law side of the court, the evidence would have called for a binding instruction to the jury.

We fully concur in the findings of fact and conclusions of law by the learned court below.

Decree affirmed and appeal dismissed at appellant's costs.