## Green v. Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Farm crossings—Destruction of crossing—Jurisdiction—Equity—Act of February 19, 1849, sec. 12, P. L. 79.*

1. Section 12 of the Act of February 19, 1849, P. L. 79, relating to the destruction of farm crossings, does not apply to a case where a railroad company deliberately, and without any cause shown, destroys a crossing established by it, and maintained for many years as a necessary means of access from one part to the other of land traversed by it.

2. In such a case a bill in equity is the proper remedy of the landowner to compel the railroad company to restore the crossing.

Argued Nov. 19, 1912. Appeal, No. 120, Oct. T., 1912, by defendant, from decree of G. P. Delaware Co., June T., 1910, No. 12, on bill in equity in case of Robert M. Green and William W. Green v. Baltimore & Ohio Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before JOHNSON, P. J.

The case turned upon the jurisdiction of the court to

compel by mandatory injunction the restoration of a farm crossing.

*Error assigned* was the decree directing the defendant to restore the crossing in question.

*Kingsley Montgomery*, for appellant, cited: Dimmick v. R. R. Co., 180 Pa. 468.

*J. B. Hannum*, for appellee, cited: Hespenheide v. King, 47 Pitts. Leg. J. 171; Manbeck v. Jones, 190 Pa. 171.

OPINION BY ORLADY, J., February 27, 1913:

This is an appeal from a decree requiring the defendants to restore a farm crossing and its approaches, which had been in continuous use over the defendants' road since 1885, when it had been constructed by the predecessor in title of the defendant company, until the defendants demolished it in 1902.

The railroad was originally located through the property now owned by these defendants under condemnation proceedings, in which there is no reference made of any grade crossing as described in the plaintiffs' bill. This record shows that the crossing was built and constructed by the railroad company and has been continuously maintained by it.

After hearing on bill, answer and proofs, a decree was entered from which the defendants appeal, its contention being, that the proper and sole remedy, if the plaintiffs have any, is by resorting to the proceeding indicated in sec. 12, of the Act of February 19, 1849, P. L. 79.

The facts in this case are clearly outside of the conditions suggested in that section, which provides: "That wherever in the construction of a road—for the accommodation of the person owning or possessing land through which the railroad may pass, it shall be the duty of the railroad company to make or cause to be made, good and sufficient causeways whenever the same may be

necessary to enable the occupant or occupants of lands to pass or cross the same, etc., and if the company shall neglect or refuse on request to make such causeways, etc." The record shows that the railroad company voluntarily complied with its duty in the first instance by establishing a crossing at a location that was satisfactory to the then owner, and maintained it for seventeen years when, without giving any reason, demolished it. The relief sought is simply to require the railroad company to restore that which the officials of the former railroad company deemed necessary, and constructed, which this defendant approved as proper by maintaining it and which the landowner accepted as adequate to enable him to pass over the railroad tracks, so as to utilize the land on each side.

Section 12 of the act of 1849 does not apply to a case where the railroad company deliberately and without any cause shown destroys a crossing established by it, and maintained for many years as a necessary means of access from one part to the other of land traversed by it.

Tedious and expensive litigation at law is an inadequate remedy in such a case, Manbeck v. Jones, 190 Pa. 171, and a bill in equity is a proper remedy to compel the railroad company to restore the crossing and approaches to the former condition as they were in the year 1902, immediately before the demolition of the crossing. The opinion of the court fully sustains the decree it made.

The assignments of error are overruled and the decree is affirmed so that the defendant restore the said crossing by making and maintaining safe and convenient approaches of every grade to the present grade of the road-bed of the railroad tracks and a safe crossing over the said tracks.