## Gordon, Secretary of Banking, v. Pennsylvania Power Company

*Thomas H. Armstrong*, for plaintiff.
*Brockway, Whitla & McKay*, for defendant.

McLAUGHRY, P. J., January 24, 1934.—This comes before the court on an affidavit of defense raising questions of law. It is alleged by the defendant that the plaintiff is not entitled to recover from the defendant upon the allegations set forth in the statement of claim.

William D. Gordon, Secretary of Banking of Pennsylvania, in possession of Dollar Title & Trust Company of Sharon, Pa., is seeking to recover rental from The Pennsylvania Power Company, a corporation, in the business of manufacturing and transmitting electric power. The statement of claim alleges that

on April 18, 1921, Wade B. Jones borrowed the sum of $2,000 from C. K. Hawthorne and Caroline M. Hawthorne and gave his bond and mortgage as security for the payment of the same, the property described in the mortgage being located in Hickory Township, Mercer County.

On September 28, 1925, the defendant entered into an article of agreement with the said Wade B. Jones, giving the defendant the right to cross his farm with its power lines and facilities, and to construct the line on steel towers to be erected thereon, for a consideration set forth in said agreement. The agreement was recorded on February 24, 1927, in article book "E", vol. 2, p. 145, in the recorder's office of Mercer County, a copy of the article of agreement being attached to the statement of claim.

Wade B. Jones defaulted in his obligations on said bond and mortgage given to C. K. Hawthorne and Caroline M. Hawthorne, and on January 29, 1930, Dollar Title & Trust Company obtained title to the said farm at sheriff's sale on foreclosure proceedings on the bond accompanying said mortgage, at no. 70, January term, 1930. Dollar Title & Trust Company notified the defendant in writing that beginning May 1, 1930, and until the defendant's equipment was entirely removed from the said farm, the defendant would be charged a rental of $10 per day. The plaintiff has attached to the statement of claim a copy of a letter dated July 29, 1930, addressed to Dollar Title & Trust Company, and signed by E. B. Crane, assistant engineer of the Pennsylvania Power Company, declining to pay any rental, alleging that the said company had already paid for the right of way across said land. The statement of claim further alleges that after receiving the notice of.Dollar Title & Trust Company of the rental charge for the use and occupancy of that portion of the farm used by the defendant, the said defendant continued to use and occupy the same, "and by so doing acquiesced in and impliedly agreed to the price or sum so fixed by the plaintiff as aforesaid."

The statement of claim further alleges that the defendant has continued to occupy said land and has not paid any amount for such use and occupancy, and the plaintiff seeks to recover from the defendant the sum of $10 per day from May 1, 1930. The statement of claim further states that the plaintiff is not averring a written or oral promise to pay, on the part of the defendant, but is basing its right to recover on the promise to pay "implied from the acts of the defendant in remaining on the land after the written notice from the plaintiff fixed the price as aforesaid."

We have here clearly set forth in the statement of claim that Pennsylvania Power Company acquired a right of way by grant from Wade B. Jones, the owner of the land, which was in settlement of an appropriation which it had the legal right to make under the right of eminent domain. Dollar Title & Trust Company afterwards purchased the farm of Wade B. Jones, which was sold at sheriff's sale on a mortgage held by C. K. Hawthorne and Caroline M. Hawthorne. At the time Dollar Title & Trust Company purchased said farm, the article of agreement between the said Wade B. Jones and Pennsylvania Power Company dated September 28, 1925, was recorded in the recorder's office of Mercer County in article book "E", vol. 2, p. 145, and the equipment of Pennsylvania Power Company was apparent on the ground. After obtaining a sheriff's deed to the property on January 29, 1930, Dollar Title & Trust Company notified the defendant, in writing, that after May 1, 1930, or until the equipment of the defendant company was taken from the land, the defendant would be charged a rental of $10 per day. Pennsylvania Power Company refused to remove the equipment, refused to make any payment for rental, and informed the plaintiff that the defendant company had already purchased

the right of way over said property from the legal owner and therefore was under no obligation to the plaintiff. All these facts appear in the statement of claim and the exhibits attached to the same.

It is apparent from the facts set forth in the statement of claim that there was no contract between the plaintiff and the defendant whereby the defendant agreed to pay $10 per day, or any other amount, to the plaintiff. The question then arises: Was a contract to pay rental implied by the act of the power company in remaining in possession after demands were made for rental, when Pennsylvania Power Company denied liability and thereby disclosed its intention not to contract? We are unable to see how a contract can be implied from the action of defendant, in the face of the letter of July 29, 1930, which the plaintiff acknowledges having received from the defendant, in which the defendant denies liability and refuses to contract, and sets forth the reason for such refusal. As we understand the theory of the plaintiff, an agreement is to be implied from the inaction of the power company in remaining in possession after being notified by the plaintiff that unless the power company removed its equipment by May 1, 1930, rental at $10 per day would be charged; that, instead of making a contract in the ordinary way, the defendant assented to the terms of the plaintiff by remaining in possession. Could there be such implication of a contract when we have such a clear declaration of the defendant company, denying liability, as set forth in the letter of July 29, 1930, which is a part of the plaintiff's statement of claim? We think not. It is clearly the law that when a proposal is made for the performance of a certain thing, and the person to whom the offer is made expressly states that he will not agree to the terms of the offer, no agreement can be inferred from his acts.

It is apparent from a reading of the statement of claim, and from the brief of counsel, that plaintiff claims the right to collect rental from the defendant because of the fact that grant of the right of way from Wade B. Jones to the power company was extinguished by the sheriff's sale on the mortgage. The mortgage from Wade B. Jones to C. K. Hawthorne and Caroline M. Hawthorne was recorded prior to the creation of the easement. The question is: Is that material? Did the power company's easement survive the sheriff's sale, on the ground that a judicial sale does not extinguish an easement that is apparent? We are of the opinion that under the law of Pennsylvania Dollar Title & Trust Company acquired its title to the farm at the sheriff's sale subject to the easement. It is true that it must appear that Dollar Title & Trust Company had notice of the easement at the time of the sale. It is set forth in the statement of claim that the agreement between Wade B. Jones and Pennsylvania Power Company was duly recorded in the usual manner for recording such documents, and this in itself is sufficient notice.

We have made a careful examination of the law presented in the briefs of the counsel for plaintiff and for defendant, and have examined many cases not cited, and we are of the opinion that the law is clearly set forth in the case of Tide Water Pipe Co. v. Bell, 280 Pa. 104, 114:

"The fact that the property burdened with the right-of-way was sold at a judicial sale, does not affect the matter. In Kieffer v. Imhoff, 26 Pa. 438, 445, it is said: 'If these deeds had been the acts of the owner himself, they would not change the qualities previously attached by him to the respective tenements [although not specified in the deeds]. There is still greater reason for holding that the sheriff's deeds cannot produce such a change in the disposition of the property.' In Cannon v. Boyd, 73 Pa. 179, and Richmond v. Bennett, 205 Pa. 470, properties were sold at sheriff's sale, upon foreclosures of mortgages, and we

held that the sheriff's vendees took subject to the servitude of certain alleys, although they were laid out after the mortgages were given and recorded, and the fact of their existence was not mentioned in the sheriff's deeds. The same conclusion was reached in Zell v. Universalist Society, 119 Pa. 390, where the property was sold at an orphans' court sale for the payment of debts, the proceedings and the deed being silent as to the existence of the easement.

"These cases have been repeatedly followed, perhaps our last decision sustaining them being Leininger v. Goodman, 277 Pa. 75."

The counsel for plaintiff contends that the cases of Cannon v. Boyd, 73 Pa. 179, Richmond v. Bennett, 205 Pa. 470, and Tide Water Pipe Co. v. Bell, 280 Pa. 104, do not apply to the situation which we have here. It is alleged that these cases cover a situation where the easement, or servitude, is imposed by the owner of the land on one portion of his real estate for the benefit of another portion of his real estate. It is contended that because of the fact that in the present case the owner of the land did not create an easement, or servitude, on one portion of the land for the benefit of another portion, these cases would not apply, it being evident that the servitude was for an outside party, Pennsylvania Power Company. It is true that the first two cases above were cases of this nature, and we are of the opinion that it was not the intention of the court to confine this principle to cases where such was the situation, but that it merely mentions in the opinions that, where an apparent easement or servitude is imposed by the owner on one portion of his real estate for the benefit of another, the purchaser at private or judicial sale takes the property subject to the easement.

In the case of Tide Water Pipe Co. v. Bell, supra, a very recent opinion, where we have facts similar to those in the present case, the court cites the cases of Cannon v. Boyd and Richmond v. Bennett as the law of the State, and makes the following statement (pp. 113, 114) :

"The purchaser of land burdened with 'open, visible, continuous and permanent,' pipe, telegraph and telephone lines, takes title subject to the burden. . . .

"The fact that the property burdened with the right-of-way was sold at a judicial sale, does not affect the matter."

In 40 A. L. R. 1516, under the heading of "Easements", we find the following :

"One purchasing property at a tax sale takes subject to an open, visible, continuous, and permanent right of way across it, existing in favor of a stranger, although the land is unseated."

The case of Tide Water Pipe Co. v. Bell is then taken up and discussed, and the opinion of the Supreme Court of Pennsylvania reported in full.

It has been argued by the plaintiff that Pennsylvania Power Company did not acquire full title to the right of way because of a settlement being made with the owner. The law gives power companies, such as we have here, the right of eminent domain. It is the purpose of the law to permit such corporations to make use of such property as may be needed properly to carry on their business, and that if such corporations cannot agree with the owners of lands needed the same shall be appraised by disinterested persons in order that the owner may receive adequate compensation. In this case, there seems to have been an agreement between the owner and the corporation. The power company saw fit to appropriate a certain parcel of land and took the matter up with the owner of the property, they agreed upon the proper compensation, and the compensation was paid. It can hardly be alleged that any further steps under eminent domain proceedings should be taken. This was unnecessary. Wade B. Jones was the owner of the land with whom the power company could properly settle. For

purposes of eminent domain, the mortgagor and not the mortgagee has the standing to petition for viewers or to release damages.

We are of the opinion that the purchaser at the sheriff's sale, Dollar Title & Trust Company, acquired the title of Wade B. Jones, and no more, and that therefore the plaintiff is not entitled at law to recover from the defendant, Pennsylvania Power Company, upon the allegations in the statement of claim.

*Order*

And now, January 24, 1934, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, it is ordered that judgment be entered in favor of the defendant.          From W. G. Barker, Mercer, Pa.